DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas, regarding the re-imposition of sentence for appellant's probation violation. Because we conclude that appellant's constitutional rights against double jeopardy were not violated, but his jail time was improperly credited against his sentences, we affirm in part and reverse in part. *Page 2 
 {¶ 2} Appellant, Shuntez Broughton, pled no contest and was found guilty of the following offenses in two separate cases: CR03-1514 [failure to comply with signal of police officer, in violation of R.C2921.331(B) and (C)(5)(a)(ii)], and CR03-1552 [attempted vehicular assault, in violation of R.C. 2923.02 and 2903.08(A)(2), (B), and (C)]. In 2003, appellant was sentenced to a term of one year in case CR03-1514 and to a mandatory term of six months in case CR03-1552. The sentences were to be served consecutively. Appellant was incarcerated and began serving his sentences.
 {¶ 3} In 2004, appellant was granted early judicial release, pursuant to R.C. 2929.20, and placed on community control subject to certain conditions. In May 2006, appellant admitted to a community control violation. The trial court revoked community control and re-imposed the original sentences in each case. The court credited appellant for 212 days against his one year sentence in CR03-1514 and 37 days against the mandatory six month sentence in CR03-1552.
 {¶ 4} Appellant now appeals from that decision, arguing the following three assignments of error:
 {¶ 5} "I. The trial court erred in violation of the prohibition against double jeopardy contained in the Fifth Amendment of the United States [sic] and the Ohio Constitution, Article 10, Section 1, when it convicted Appellant for failure to comply and attempted vehicular assault which is an allied and lesser include offense and then made findings of fact mandated by (the failure to comply statute) by such language as contained in certain sections of the Ohio felony sentencing guidelines found *Page 3 
unconstitutional under Foster, which required the trial court "as trier of fact to find proof beyond a reasonable doubt" of at least one of several sub-sections without benefit of a jury or the accused's admissions resulting in multiple punishments by imposing a level three felony and requiring mandatory and consecutive sentences.
 {¶ 6} "II. The trial court erred in violation of the prohibition against double jeopardy clauses contained in the Fifth Amendment of the United States [sic] and the Ohio Constitution prohibitions against double jeopardy when it re-sentenced defendant-appellant (rather than re-imposing former sentences) at a probation violation hearing to six months of incarceration for attempted vehicular assault, a mandatory sentence which must be run consecutively with other sentences, when he had already completed a mandatory six month prison term for that offense and had been granted early release.
 {¶ 7} "III. Defendant-Appellant was denied the effective assistance of counsel guaranteed to him under the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Section 16 of the Ohio Constitution, andStrickland v. Washington, when his counsel failed to recognize possible allied and lesser included offense throughout the initial hearing and plea agreement and in the initial sentencing failed to request that the court make findings of fact at sentencing and counsel who represented him at the probation violation hearings waived hearing and failed to alert the court to proper procedure by alerting the court to possible double jeopardy violations of the sentence and did not object to the sentencing or *Page 4 
remind the Court that a recent case, Foster v. Ohio, could have a bearing upon Defendant-Appellant's case as well as sentencing."
 I. {¶ 8} We will address appellant's first and third assignments of error together. In his first assignment of error, appellant is apparently arguing that the trial court erred in its initial sentencing in 2003, allegedly because one charge was a lesser included offense of the other. In his third assignment of error, appellant is arguing that his constitutional right to effective assistance of counsel relating to that sentencing was violated.
 {¶ 9} App.R. 4 provides that a notice of direct appeal from a final judgment must be filed within 30 days of the "later of the entry of the judgment or order appealed * * *." In this case, the initial sentencing judgment entries were issued on September 4, 2003. Any errors in the original sentencing were the subject of a direct appeal and, therefore, were subject to the 30 day notice of appeal filing time. Since appellant did not file an appeal from those judgments, he may not challenge them on appeal from a subsequent hearing regarding community control violations relating to his subsequent early judicial release. Therefore, we may not address appellant's arguments regarding the propriety of the initial sentences and trial counsel's actions at the initial trial, since those issues are not properly before us.
 {¶ 10} Accordingly, appellant's first and third assignments of error are not well-taken. *Page 5 
 II. {¶ 11} In appellant's second assignment of error, he essentially asserts that the trial court erred when re-imposing sentences for his probation violations. Appellant argues that his jail time served should have been first credited against his mandatory six month sentence, which would make that sentence completed. We agree.
 {¶ 12} Ambiguity in sentences must be construed in favor of the defendant. See, e.g., State v. Marbury, 10th Dist. No. 03AP-233,2004-Ohio-3373, ¶ 67; State v. Perry (Feb. 4, 2000), 6th Dist. No. WD-99-026.
 {¶ 13} In this case, appellant's original sentence for case CR03-1514 was a one year prison term "to be served consecutively to CR03-1552." In a second judgment entry for case CR03-1552, the court imposed a six-month mandatory prison term, again stating that the "sentences are to be served consecutively to CR03-1514." After appellant was found guilty of violating the conditions of probation, contrary to appellant's argument, the trial court did not impose new sentences. Rather, the court simply re-imposed the original six month and one year sentences in each case, giving appellant credit in each case for time he had already served while initially incarcerated. The court, however, first credited the days to the one year sentence, rather than to the mandatory six-month sentence.
 {¶ 14} Since it is unclear from the judgment entries which sentence is to be served first, we must construe the error in defendant's favor. In other words, the mandatory six month term is to be served first and, as a result, credited first. Consequently, since *Page 6 
appellant was incarcerated for more than six months, had appellant been properly credited, the mandatory six-month sentence in CR03-1552 would have been completed. Any remaining days, including those days incarcerated incident to the probation violation arrest, should have then been credited against the one year sentence for CR03-1514.
 {¶ 15} Therefore, we conclude that the trial court erred when it improperly credited appellant's jail time first against the one year sentence, instead of against the mandatory six-month sentence. Because the record does not include sufficient records pertaining to the total number of days appellant should be credited, including those days while awaiting transport, we must remand for the trial court to calculate and properly credit appellant's jail time served.
 {¶ 16} Accordingly, appellant's second assignment of error is well-taken.
 {¶ 17} The judgment of the Lucas County Court of Common Pleas is affirmed in part and reversed in part. This case is remanded to the trial court for a re-determination and application of the number days to be credited against his sentences, in accordance with this decision. Appellant and appellee are each ordered to pay one-half of the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED IN PART AND REVERSED IN PART. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1