OPINION *Page 2 
{¶ 1} Defendant-Appellant Erik Tharp appeals his felony resentencing in the Perry County Court of Common Pleas, following his conviction on March 1, 2000. Plaintiff-Appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} The Perry County Grand Jury indicted Appellant on two counts of Burglary, two counts of Theft of a Firearm, two counts of Theft, one count of Theft of a Motor Vehicle and one count of Breaking and Entering. Pursuant to a plea agreement, Appellant pleaded "no contest" and was found guilty of two counts of Burglary in violation of R.C. 2911.12(A)(2), felonies of the second degree; one count of Theft of a Motor Vehicle in violation of R.C. 2913.02(A)(1), a felony of the fourth degree; two counts of Theft of a Firearm in violation of R.C. 2913.02(A)(1), felonies of the fourth degree; one count of Breaking and Entering in violation of R.C. 2911.13(A), a felony of the fifth degree; and two counts of Theft in violation of R.C. 2913.02(A)(1), felonies of the fifth degree.
 {¶ 3} On November 1, 2000, the trial court sentenced Appellant to prison terms of two years on each of the two Burglary counts, one year on the Theft of a Motor Vehicle count, one year on the Breaking and Entering count, six months on each of the two Theft of a Firearm counts and six months on each of the two Theft counts. The trial court ordered that the terms of imprisonment be served consecutively. The aggregate prison term was eight years.
 {¶ 4} The trial court did not advise Appellant of his post release control obligations during the original sentencing hearing nor did the sentencing entry (termed a *Page 3 
Termination Judgment Entry) reflect said obligations. On October 16, 2006, the trial court conducted a resentencing hearing pursuant toHernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126. The record shows Appellant was conveyed from prison to be present at the resentencing hearing and he was represented by counsel. By judgment entry filed October 17, 2006, the trial court resentenced Appellant and stated the following,
 {¶ 5} "The Court has further notified the defendant that post release control of three (3) years is optional in this case, as well as the consequences of violating conditions of post release control imposed by the Parole Board under Section 2967.28 Revised Code, which includes re-imprisonment for up to a maximum of one-half of my originally stated term. As part of this sentence, the defendant is ORDERED to serve any term of post release control imposed by the Parole Board, and any prison term imposed for violation of that post release control." ("Nunc Pro Tunc Entry, Effective November 27, 2000," filed Oct. 17, 2006).
 {¶ 6} On June 20, 2007, the trial court issued an "Amended Nunc Pro Tunc Entry" which ordered Appellant to pay the costs of the prosecution.
 {¶ 7} Appellant filed an appeal of his resentencing on July 19, 2007. This court dismissed Appellant's appeal for his failure to file a timely brief. On February 4, 2008, we granted Appellant's motion to reopen his appeal pursuant to App. R. 26(B). This matter is now before this court for our consideration. *Page 4 
 {¶ 8} Appellant raises one Assignment of Error:
 {¶ 9} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY RE-SENTENCING APPELLANT UPON A NUNC PRO TUNC ENTRY WHEN SUCH ENTRY WAS MADE AFTER APPELLANT HAD ALREADY SERVED THE ENTIRE STATED PRISON TERMS FOR THE COUNTS WHICH HE WAS BEING RE-SENTENCED."
 I. {¶ 10} Appellant argues the trial court did not have authority to resentence him to impose the erroneously omitted post release control terms because the trial court resentenced Appellant after the expiration of the journalized sentence for which the post release control was applicable. We disagree.
 {¶ 11} The trial court found Appellant guilty of two counts of Burglary in violation of R.C. 2911.12(A)(2), felonies of the second degree. On the first count of Burglary, the trial court sentenced Appellant for a term of two years. (Termination Judgment Entry, Nov. 27, 2000). The trial court then sentenced Appellant for a term of two years on the second count of burglary, stating: "[S]aid period of incarceration to be served consecutive to the time herein imposed." Id. On the remaining counts of Theft of a Motor Vehicle, Theft of a Firearm, Theft and Breaking and Entering, the trial court sentenced Appellant to the terms stated above, but also held in each count, "said period of incarceration to be served consecutive to the time herein imposed." The aggregate prison term was for eight years.
 {¶ 12} Appellant argues that because the Termination Judgment Entry lists the Burglary counts first and that each Burglary count was for a term of two years, the *Page 5 
prison term on the Burglary counts expired on November 1, 2004. The term of post-release control for a second degree felony is a mandatory three year term. See, R.C. 2967.28(B)(2). Because the prison term expired on the felonies subject to post release control, Appellant states the trial court was without jurisdiction to resentence Appellant on October 16, 2006.
 {¶ 13} Appellant is correct when he states that a trial court does not have jurisdiction to correct an erroneous sentence and impose the proper period of post release control if the offender's journalized sentence has expired. State v. Cruzado, 111 Ohio St.3d 353, 2006-Ohio-5796,856 N.E.2d 263, ¶ 28; Adkins v. Wilson, 110 Ohio St.3d 1454, 2006-Ohio-4275,852 N.E.2d 749; Watkins v. Collins, 111 Ohio St.3d 425, 2006-Ohio-5082,857 N.E.2d 78, ¶ 48. In this case, however, we find Appellant's journalized sentence had not expired when the trial court resentenced Appellant on October 16, 2006.
 {¶ 14} The charges for which Appellant was found guilty and sentenced to arise from a single indictment issued on February 24, 2000. The trial court's sentencing entry stated that each term was to be served consecutively, but the trial court generally stated as to each count that, "said period of incarceration to be served consecutive to the time herein imposed." The trial court did not specify that certain counts were to be served consecutively to another. Accordingly, we find Appellant's journalized sentence for an aggregate term of eight years does not expire until November 2008. The trial court did not lack jurisdiction to correct Appellant's invalid sentence to include post release control because Appellant's journalized sentence had not yet expired when he was resentenced. *Page 6 
 {¶ 15} Appellant's Assignment of Error is overruled.
 {¶ 16} Although not assigned as error, we note the trial court, in including the requisite post release control language, stated, "The Court has further notified the defendant that post release control of three (3) years is optional in this case," and ordered Appellant to serve "any term of post release control imposed by the Parole Board." (Emphasis added).
 {¶ 17} The appropriate term of post-release control for a second degree felony is a mandatory three year term, not an optional three year term. See, R.C. 2967.28(B)(2). On the well-reasoned authority ofState v. Rich, 5th Dist. No. 2006CA00171, 2007-Ohio-362, and State v.Vogt, 5th Dist. No. 2006CA00183, 2007-Ohio-488, we hereby vacate the post release control section of the sentence and remand the matter to the trial court "to include imposition of the correct specific PRC period pursuant to R.C. 2967.28(B)(2)." Rich, at ¶ 21. *Page 7 
 {¶ 18} The post release control section of the sentence is hereby vacated and the matter is remanded to the Court of Common Pleas of Perry County, Ohio for re-imposition of the post release control obligations consistent with this opinion.
 By: Delaney, J. Hoffman, P.J. and Farmer, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the post release control section of the sentence is hereby vacated and the matter is remanded to the Court of Common Pleas of Perry County, Ohio for re-imposition of the post release control obligations consistent with this opinion.
[1] A statement of the facts is unnecessary for the disposition of this appeal. *Page 1