[Cite as *State v. Hilliard*, 2015-Ohio-5324.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 15CA16 |
| CURTIS L. HILLIARD | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING: Criminal appeal from the Richland County Court of Common Pleas, Case No. 1996CR0641

JUDGMENT: Vacated and Remanded

DATE OF JUDGMENT ENTRY: December 16, 2015

APPEARANCES:

For Plaintiff-Appellee

MELISSA ANGST
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, OH 44902

For Defendant-Appellant

JEFFREY UHRICH
P.O. Box 1977
Westerville, OH 43086

*Gwin, P.J.*

{¶1} Appellant Curtis L. Hilliard appeals the Richland County Court of Common Pleas February 2, 2015 re-sentencing entry.

*Facts and Procedural History[1]*

{¶2} In 1988, the Cuyahoga Common Pleas Court sentenced Hilliard for an indeterminate sentence of fifteen to forty years in prison.

{¶3} On April 8, 1997, in Richland County Common Pleas Court, Hilliard was found guilty of attempted rape, in violation of R. C. 2907.02, a felony of the second degree; abduction, in violation of R. C. 2905.02, a felony of the third degree, and assault, in violation of R. C. 2903.13, a felony of the fifth degree. The Richland County Court of Common Pleas sentenced Hilliard to a term of two years on abduction, twelve months on assault and two years on attempted rape. The sentences were to be served concurrently to each other but consecutively to Hilliard's Cuyahoga County sentence.

{¶4} On December 13, 2007, the State of Ohio filed with the trial court a Motion to Transport Prisoner for a Resentencing Hearing. The purpose of the Motion was to ask the Court to impose a mandatory term of post-release control.

{¶5} A resentencing hearing was held in front of Judge James Henson on March 12, 2008. At the resentencing hearing, the trial court noted that Hilliard was previously sentenced on April 9, 1997. The trial court further noted that "[t]he law has changed since the Defendant was sentenced, now requiring that he be sentenced to a certain number

---

[1] A Statement of the Facts underlying Hilliard's original convictions are unnecessary to our disposition of this appeal. Any facts needed to clarify the issues addressed in appellant's assignment of error shall be contained therein

of years of post-release control and that he be told of his registration requirements." T., Resentencing, March 12, 2008 at 2.

{¶6}    The trial court acknowledged that at the time Hilliard was sentenced, "we told him that there was a possibility of post-release control. It can last up to five years, with a violation causing the Defendant to have to go back to the institution to do more time. . ." Id.

{¶7}    Counsel for Hilliard entered an objection to the ex post facto application of the rules of law in this case. Counsel for Hilliard also advised the trial court of information obtained on printouts from the state penal institutions that specify Hilliard was sentenced to a stated prison sentence of two years, and that the expiration of that sentence happened on April 6, 1999. Trial counsel provided the trial court with a copy of the printout. Unfortunately, the copy of the document was not marked as an exhibit and made a part of the record during the hearing.

{¶8}    During the hearing, the trial court inquired of Hilliard and learned that his sentence out of Cuyahoga County was for term of 15-40 years, and that it commenced in 1988. Id. at 4. The trial court and defense counsel further discussed the document that was provided by defense counsel, which trial counsel described as establishing as follows, "And then expiration of the stated sentence, which is the only thing I know on there that was two years, is out of this court and says that that expiration is what is marked in yellow there, which coincides with the date basically of your sentencing." Id. at 5.

{¶9}    Judge Henson then stated, "Okay. I think you're right. I can't reclassify a guy, have him register under these numbers when his time is done. Of course, that

doesn't absolve him from the registration requirements, because if he hasn't been resentenced in Cleveland, he's going to be." Id. at 5.

{¶10} Judge Henson then essentially ruled from the bench, stating: "I can't sentence a man to ex post facto after a sentence has expired. Now, if the sentence hadn't expired, I would be required by law to tell him he has to register forever. And he's going to have that regulation, I guess, out of Cuyahoga County anyway because the law requires it. You're out of here." Id. at 6.

{¶11} Subsequent to the hearing, no entry was filed by the trial court journalizing Judge Henson's decision from the bench.

{¶12} On December 18, 2013 more than six years after Judge Henson's hearing, the State of Ohio filed a second Motion for Resentencing. A hearing was held before Judge James DeWeese on January 12, 2015. Although efforts were made to find documentation consistent with the printout document discussed during the hearing on March 12, 2007, no documentation was able to be located confirming that Hilliard's prison sentence in this case had been terminated.

{¶13} On February 2, 2015, Judge DeWeese filed a Re-Sentencing Entry imposing the same prison sentence that was originally imposed; however, the Resentencing Entry contained the additional requirement that Hilliard's sentence include a five (5) year term of mandatory post-release control.

*Assignment of Error*

{¶14} Hilliard raises one assignment of error,

{¶15} "I. TRIAL COUNSEL FOR DEFENDANT WAS INEFFECTIVE AND VIOLATED HIS 6TH AMENDMENT RIGHT TO EFFECTIVE COUNSEL AND FAIR

TRIAL BY FAILING TO IDENTIFY A DOCUMENT AND PRESERVE AN IMPORTANT DOCUMENT AS PART OF THE RECORD DURING DEFENDANT'S RESENTENCING HEARING."

*Analysis*

1. **Cuyahoga County Court of Common Pleas, Case No. CR-86-212832-B.**

{¶16}  Hilliard was sentenced in Cuyahoga County Court of Common Pleas, Case No. CR-86-212832-B on March 27, 1987 to definite terms of one year and 6 months, concurrent.  That sentence was suspended and Hilliard was placed on probation.  On May 12, 1988, Hilliard was convicted of a probation violation and his sentenced was imposed. The terms were to run concurrent to one another but consecutive to the sentences in Cuyahoga County Court of Common Pleas, Case No. CR-87-217665-ZA and Cuyahoga County Court of Common Pleas, Case No. CR-87-218830.

{¶17}  This is a "Pre-Senate Bill 2 definite sentence." Ohio Adm. Code 5120-2-03.2(A) (3).

**2. Cuyahoga County Court of Common Pleas, Case No. CR-87-217665-ZA.**

{¶18}  On May 12, 1988, Hilliard was convicted of one count of attempted rape with a violence specification and one count of aggravated assault with a violence specification. The trial court sentenced Hilliard to an indefinite term of 5-15 years on the attempted rape and to an indefinite term of 3-15 years on the aggravated assault.

{¶19}  These terms were to run concurrent to one another but consecutive the sentences in Cuyahoga County Court of Common Pleas, Case No. CR-86-212832-B and Cuyahoga County Court of Common Pleas, Case No. CR-87-2128830.

**{¶20}** This is a "Pre-Senate Bill 2 indefinite sentence." Ohio Adm. Code 5120-2-03.2(A) (4).

### 3. Cuyahoga County Court of Common Pleas, Case No. CR-87-218830.

**{¶21}** On May 12, 1988, Hilliard was convicted in Cuyahoga County Court of Common Pleas, Case No. CR-87-218830 on one count of aggravated robbery and one count of rape. The trial court sentenced Hilliard to an indefinite term of 10-25 years on the aggravated robbery and an indefinite term of 10-25 years on the rape.

**{¶22}** These terms were to run concurrent to one another but consecutive the sentences in Cuyahoga County Court of Common Pleas, Case No. CR-86-212832-B and Cuyahoga County Court of Common Pleas, Case No. CR-87-217665-ZA.

**{¶23}** This is a "Pre-Senate Bill 2 indefinite sentence." Ohio Adm. Code 5120-2-03.2(A) (4).

### 4. Richland County Court of Common Pleas, Case No. 1996 CR 641.

**{¶24}** On April 9, 1997, Hilliard was convicted in Richland County Court of Common Pleas, Case No. 1996 CR 641, on one count of abduction, one count of assault and one count of attempted rape.

**{¶25}** The trial court sentenced Hilliard to a definite term of 2 years on the abduction, a definite term of 12 months on the assault and a definite term of 2 years on the attempted rape.

**{¶26}** The trial court ordered the sentences "be served concurrently to each other but consecutive to current term of incarceration."

**{¶27}** This is a "Senate Bill 2 sentence." Ohio Adm. Code 5120-2-03.2(A) (1).

**The 1988 Cuyahoga County Sentences.**

{¶28} As it existed in 1988, R.C. 2929.41 provided in relevant part,

(C) Subject to the maximums provided in division (E) of this section:

* * *

(4) When a person is serving definite terms of imprisonment consecutively to indefinite terms of imprisonment or to three-year terms of actual incarceration imposed pursuant to section 2929.71 of the Revised Code or to both indefinite terms of imprisonment and the three-year terms of actual incarceration, the aggregate of the three-year terms of actual incarceration shall be served first, then the aggregate of the definite terms of imprisonment shall be served, and then the indefinite terms of imprisonment shall be served, with the aggregate minimum and maximum terms being determined in the same manner as aggregate minimum and maximum terms are determined pursuant to division (C)(2) of this section.

{¶29} Thus, Hilliard began serving his 1-year definite sentence in Cuyahoga County Court of Common Pleas Case No. CR-86-212832-B on May 12, 1988. That sentence would expire on or about May 12, 1989. Hilliard would then begin to serve his indefinite sentences. However, Hilliard would not receive credit for this one year against his indefinite sentences because the sentences were ordered to be served consecutively.

{¶30} The current version of R.C. 2967.021 states,

(A) Chapter 2967. of the Revised Code, as it existed prior to July 1, 1996, applies to a person upon whom a court imposed a term of imprisonment prior to July 1, 1996, and a person upon whom a court, on or

after July 1, 1996, and in accordance with law existing prior to July 1, 1996, imposed a term of imprisonment for an offense that was committed prior to July 1, 1996.

(B) Chapter 2967. of the Revised Code, as it exists on and after July 1, 1996, applies to a person upon whom a court imposed a stated prison term for an offense committed on or after July 1, 1996.

{¶31} In 1988 when Hilliard was originally sentenced in Cuyahoga County, R.C. 2929.41 provided,

(C) Subject to the maximums provided in division (E) of this section:

(1) When consecutive sentences of imprisonment are imposed for felony [sic.] under division (B)(1) of this section, the minimum term to be served is the aggregate of the consecutive minimum terms imposed, and the maximum term to be served is aggregate of the maximum terms imposed.

Also in 1988, R.C. 2967.13 would determine Hilliard's eligibility for parole,

(A) A prisoner serving a sentence of imprisonment for a felony for which an indefinite term of imprisonment is imposed becomes eligible for parole at the expiration of his minimum term, diminished as provided in Section 2967.19 of the Revised Code.[2]

{¶32} In 1988, Hilliard received indefinite sentences of 5-15 years and 10-25 years. Thus, his minimum term to be served was 15 years and the maximum term to be served was forty years.

---

[2] R.C. 2967.19 is not relevant to our analysis in the case at bar.

**The 1997 Richland County Sentence.**

**{¶33}** On April 9, 1997, Hilliard received an aggregate definite sentence of 2 years. Ohio Admin. Code 5120-2-03.2 provides in relevant part,

(E) When a Senate Bill 2 sentence or a House Bill 86 sentence is imposed to run consecutively to a pre-Senate Bill 2 definite sentence, the pre-Senate Bill 2 definite sentence shall be served first, then the Senate Bill 2 sentence or House Bill 86 sentence. * * *_When a Senate Bill 2 sentence or House Bill 86 sentence is imposed to run consecutively to a pre-Senate Bill 2 indefinite sentence, any Senate Bill 2 sentence shall be served first, then any House Bill 86 sentence, and, lastly, the pre-Senate Bill 2 indefinite sentence shall be served._

Emphasis added. Further, Ohio Admin. Code 5120-2-03 provides in relevant part,

**{¶34}** (E) Subject to the maximums provided in this rule:

* * *

(5) When a person is serving any definite terms of imprisonment consecutively to any indefinite or life terms of imprisonment or to any three-year terms of actual incarceration imposed pursuant to section 2929.71 of the Revised Code or to both, the aggregate of all such three-year terms of actual incarceration shall be served first, then the aggregate of the definite terms of imprisonment shall be served, and then the indefinite or life terms of imprisonment shall be served.

{¶35} Thus, Hilliard began serving his 2-year definite Richland County sentence on April 9, 1997. Obviously, he could not be given credit for time served in the Cuyahoga County cases because the Richland County sentence had just been imposed. *See,* 1975 Ohio Atty.Gen.Ops. No. 75-097. However, Hilliard would receive credit for approximately 9 years served against his Cuyahoga County indefinite sentences.

**Richland County 2008 Re-Sentencing.**

{¶36} On March 12, 2008, the Richland County Court of Common Pleas, held a resentencing hearing pursuant to a motion filed by the state. The purpose of this hearing was to ask the Court to impose a mandatory term of post-release control. The trial court conducted a hearing on the record. The trial court determined that it could not impose post release control because Hilliard had completed his sentence on the Richland County charges. We find the trial court was correct.

{¶37} Hilliard's aggregate minimum sentence in the Cuyahoga County cases was 15 years. That sentence began in 1988. At the time of the sentencing in the Richland County case in 1997, Hilliard had earned nine years of credit against his 15-year minimum sentence. Leaving 8 years to be served on his aggregate minimum indefinite sentence. The two-year definite Richard County sentence would not count against Hilliard's indefinite sentence because the sentences were to be served consecutively.

{¶38} Pursuant to Ohio Admin. Code 5120-2-03.2(E) and Ohio Admin. Code 5120-2-03(E) (5), the Richland County definite Senate Bill 2 sentence would be served before the indefinite Pre-Senate Bill 2 sentences. Thus, Hilliard would have begun to serve the Richland County sentence in 1997. That sentence would have expired well in advance of the 2007 hearing.

{¶39} Our brethren in the Tenth District recognized this point,

If, pursuant to former R.C. 2929.41(B)(3), a prisoner must serve consecutive indefinite sentences for felonies, the minimum term to be served is the aggregate of the consecutive minimum terms, and the maximum term to be served is the aggregate of the consecutive maximum terms. Former R.C. 2929.41(C) (2); Ohio Adm.Code 5120–2–03(E) (1). For consecutive definite sentences, the term to be served is the aggregate of the definite terms imposed. Ohio Adm.Code 5120–2–03(E) (2). When a definite term of imprisonment was imposed consecutively to an indefinite term, the prisoner must serve the definite term first, followed by the indefinite term. Former R.C. 2929.41(C) (4); Ohio Adm.Code 5120–2–03(E) (5). While the prisoner serves the definite term, the indefinite term is tolled. *State ex rel. Foster v. Ohio State Adult Parole Auth.*, 10th Dist. No. 91AP1109 (Aug. 6, 1992), aff'd, 65 Ohio St.3d 456 (1992).

*Davis v. Dept. of Rehabilitation and Correction*, 10th Dist. Franklin No. 14AP-337, 2014-Ohio-4589, ¶16.

{¶40} The Ohio Supreme Court has found that consecutive sentences are separate and distinct from one another and do not combine in the aggregate to form a "sentencing package." *State v. Holdcroft*, 137 Ohio St.3d 526, 2013–Ohio–5014, 1 N.E.3d 382, ¶ 6. In *Holdcroft*, the offender was sentenced to a ten-year prison sentence for aggravated arson and to another five years for arson, to be served consecutively. Id. at ¶ 2. The trial court imposed post release control, but did not state how long the sanction would be imposed, or to which sentence it applied. Id. The offender served over ten years

in prison before the trial court held a new sentencing hearing to correct its error. Id. at ¶ 3. The Court found that the trial court could not resentence a defendant who has served the entire sentence. Id. at ¶19. As the Court stated, "a sentence served is a sentence completed." Id. at ¶18. While it was argued that the offender had not completed his aggregate sentence of fifteen years, the Court found that sentences are not viewed in the aggregate, as "'Ohio's felony-sentencing scheme is clearly designed to focus the judge's attention on one offense at a time.'" Id. at ¶ 6, *quoting State v. Saxon*, 109 Ohio St.3d 176, 2006–Ohio–1245, ¶ 8.

**{¶41}** A trial court cannot add a term of post-release control as a sanction for a particular offense after the defendant has already served the prison term for that offense, even if the defendant remains in prison for other offenses. *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.2d 382, ¶18. "But once a valid prison sanction has been served, it is no longer res judicata that acts as a bar to modification; rather, the court has lost *jurisdiction* to modify the sentence. Id. at ¶14 (citing *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶28-30).

**{¶42}** In the case at bar, since the trial court in this case exercised jurisdiction over the merits of the case in 2015 after Hilliard had completed his sentence in the case, the court acted outside of its subject-matter jurisdiction and its subsequent judgment is void.

**{¶43}** On remand, Hilliard shall not be subject to resentencing with respect to the 1997 Richland County sentencing entry as he has completed his sentence for the offense that is the subject of that entry.

{¶44} The February 2, 2015 judgment of the Richland County Court of Common Pleas resentencing Hilliard is vacated and this case is remanded for proceedings in accordance with our opinion and the law.


By: Gwin, P.J.,

Farmer, J., and

Wise, J., concur