[Cite as *State v. Metcalf*, 2016-Ohio-4923.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|                          |     |                         |
|--------------------------|-----|-------------------------|
| STATE OF OHIO,           | :   |                         |
| Plaintiff-Appellee,      | :   | CASE NO.   CA2015-03-022 |
|                          | :   | O P I N I O N           |
| - vs -                   |     | 7/11/2016               |
|                          | :   |                         |
| SHAWN METCALF,           | :   |                         |
| Defendant-Appellant.     | :   |                         |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 10CR26669

David P. Fornshell, Warren County Prosecuting Attorney, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Craig A. Newburger, 477 Forest Edge Drive, South Lebanon, Ohio 45065, for defendant-appellant

**HENDRICKSON, J.**

{¶ 1} Defendant-appellant, Shawn Metcalf, appeals the decision of the Warren County Court of Common Pleas after it issued an entry designating him as a Tier III sexual offender under the Adam Walsh Act ("AWA"). For the reasons detailed below, we reverse the decision of the trial court and remand for further proceedings.

{¶ 2} Appellant was previously convicted of attempted rape in 2006, sentenced to

prison, and designated as a sexually-oriented offender under Megan's Law. Following his release, appellant was ordered to serve a period of postrelease control.

{¶ 3} On August 26, 2010, appellant pled guilty to kidnapping in violation of R.C. 2905.01(A)(4), a first-degree felony, which included a specification that the crime was committed with a sexual motivation as provided by R.C. 2941.147(A). As a result of his guilty plea, on September 29, 2010, appellant was sentenced to a four-year prison term. The trial court's sentencing entry also included an order revoking appellant's postrelease control and imposed an additional 278 days in prison to be served consecutive to the kidnapping conviction "for a total sentence of 4 years and 278 days." Appellant did not appeal from that decision.

{¶ 4} On February 26, 2015, two days prior to the completion of appellant's sentence, the trial court held a resentencing hearing. At the hearing, the trial court informed appellant that he was being resentenced because the court had forgotten to notify and designate him as a Tier III sexual offender under the AWA. The trial court then re-imposed the same sentence as the 2010 sentencing entry, but included the relevant sexual offender designation. Appellant then appealed and his appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). However, after finding an arguable issue on appeal, this court appointed new counsel, who raised the following single assignment of error for review.

{¶ 5} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ACCEPTING A GUILTY PLEA WHICH WAS NOT MADE KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY.

{¶ 6} Although his assignment of error relates to his guilty plea, we note that appellant's argument arises from the imposition of the AWA Tier III sexual offender status at the February 26, 2015 resentencing hearing. Appellant claims that his guilty plea was not

- 2 -

made knowingly, voluntarily, and intelligently because he was not informed of the AWA Tier III sexual offender designation.

{¶ 7} It is undisputed that at the time the trial court issued its amended sentencing entry, appellant was two days from his release from prison, and thus had served a total of four years and 276 days in prison. The issue to be resolved is whether the trial court had authority to designate appellant as a Tier III sexual offender under the AWA considering that the relevant four-year prison sentence imposed for kidnapping may have expired. Since an offender cannot be subject to the imposition of additional punishment following the completion of his sentence for that offense, this court must address several issues. *See, e.g., State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, (holding that a defendant who had served the imposed sentence of incarceration had a legitimate expectation of finality in his sentence and the trial court was precluded from imposing additional punishment upon him).

{¶ 8} First, we must decide whether the consecutive sentences imposed are separate and distinct from one another, or whether the sentences combine in the aggregate to form a "sentencing package." Next, if the sentences are separate and distinct, this court must determine whether appellant was serving time for the kidnapping offense, which included the sexual motivation specification, or if appellant was serving time for the postrelease control violation. Finally, if appellant was not serving time on the relevant kidnapping offense, we must determine whether the trial court erred by designating appellant as an AWA Tier III sexual offender following the completion of his four-year prison sentence for that offense.

**Ohio's Felony-Sentencing Structure**

{¶ 9} In beginning this analysis, we must address the nature of consecutive prison terms. In *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, the Ohio Supreme Court addressed a situation in which a criminal defendant was sentenced to a prison term of ten

years for aggravated arson to be served consecutively with a five-year prison term for arson. *Id.* at ¶ 3. After the defendant completed his ten-year prison term for aggravated arson and began to serve his five-year prison term for arson, the trial court held a new sentencing hearing to correct its errors relating to the imposition of postrelease control for the aggravated-arson offense. *Id.* On appeal, the Third District Court of Appeals held that the trial court could resentence a defendant to properly impose postrelease control as long as the defendant was still serving a prison term for any of the other offenses included in the same sentencing entry. *Id.* at ¶ 4. In so doing, the Third District interpreted the terms "prison term" and "sentence" as the aggregate sentence on all convictions and found that its interpretation was consistent with R.C. 2929 et seq. *State v Holdcroft*, 3d Dist. Wyandot No. 16-10-13, 2012-Ohio-3066, ¶ 33. As a result, the Third District referenced statutes such as R.C. 2929.14(C)(6), which provides "[w]hen consecutive prison terms are imposed pursuant to * * * [R.C. 2929.14], the term to be served is the aggregate of all of the terms so imposed." *Id.*; *see also* Ohio Adm.Code 5120-2-03.1 ("When consecutive stated prison terms are imposed, the term to be served is the aggregate of all of the stated prison terms so imposed").

{¶ 10} The Ohio Supreme Court determined that a conflict existed with the Third District's decision in *Holdcroft* and accepted the discretionary appeal. *Holdcroft*, 2013-Ohio-5014, at ¶ 4. Thereafter, the Ohio Supreme Court reversed the Third District's decision. *Id.* As to the nature of consecutive sentencing, the Supreme Court held that consecutive sentences are separate and distinct from one another and do not combine in the aggregate to form a "sentencing package." *Id.* at ¶ 6; *State v. Hilliard,* 5th Dist. Richland No. 15CA16, 2015-Ohio-5324, ¶ 40-41. Without citing R.C. 2929.14(C)(6), the Court instead began by examining the definitions of the words "sentence," "sanction," and "conviction" by reviewing its prior decision in *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, "which offers

insight into Ohio's felony-sentencing structure."

> In *Saxon*, this court addressed and rejected the use of the "sentencing package" doctrine by Ohio's appellate courts. Under that doctrine, a defendant's sentences in a multiple-conviction judgment entry are viewed in the aggregate, and if one of the sentences is vacated on appeal, the trial court has the authority to review the entire "sentencing package" on remand. In *Saxon*, we concluded that the doctrine did not apply in Ohio, because "Ohio's felony-sentencing scheme is clearly designed to focus the judge's attention on one offense at a time." In so holding, we observed that R.C. 2929.01(EE) (formerly numbered R.C. 2929.01(FF)) defines "sentence" as "'the sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to an offense.'" Further support for the *Saxon* rule can be found in R.C. 2929.01(DD), which states that "'[s]anction' means any penalty imposed upon an offender who is convicted of or pleads guilty to an offense, as punishment for the offense" and in *State v. Gapen*, * * * which recognizes that a criminal "conviction" consists of both a finding of guilt and the imposition of a sentence.

*Id.* at ¶ 6 (citations omitted). In sum, the court reiterated, "under both the Revised Code and this court's decisions, a conviction is composed of a finding of guilt and a sentence, a sentence is a sanction or combination of sanctions imposed for an individual offense, and incarceration and postrelease control are types of sanctions that may be imposed and combined to form a sentence." *Id.*

{¶ 11} Therefore, *Holdcroft* holds that consecutive sentences are separate and distinct from one another and do not combine in the aggregate to form a "sentencing package." *Id.* at ¶ 6; *Hilliard*, 2015-Ohio-5324, at ¶ 40. As will be addressed in more detail below, based on its decision in *Holdcroft*, the Supreme Court held that a trial court had no authority to resentence a criminal defendant and impose a period of postrelease control on a completed sentence, even though the defendant was still in prison for other offenses. *Holdcroft* at ¶ 19. Therefore, we must now address whether appellant was serving his sentence on the kidnapping offense, which subjected appellant to the AWA Tier III classification, or if he was serving his sentence on the postrelease control violation.

**Order of Appellant's Consecutive Sentences**

{¶ 12}   As previously noted, appellant was incarcerated at the time the trial court held the resentencing hearing and imposed the AWA Tier III sexual offender classification. Appellant's original September 29, 2010 sentencing entry stated:

> It is hereby ORDERED that Defendant serve a term of FOUR (4) [sic] in prison, of which N/A years is a mandatory term pursuant to R.C. §2929.13(F), §2929.14(D)(3) or Chapter 2925.
>
> * * *
>
> DEFENDANT PRC ON CASE 05CR22922 IS REVOKED, SENTENCE OF 278 DAYS REMAINING IS IMPOSED CONSECUTIVE TO THE SENTENCE IN COUNT 2 ABOVE FOR A TOTAL SENTENCE OF 4 YEARS AND 278 DAYS.

{¶ 13}   The sentencing entry was subsequently amended on February 26, 2015 through a entry that imposed the same amount of prison time, but included the relevant AWA Tier III sexual offender designation.[1]   Specifically, the trial court's entry stated:

> It is hereby ORDERED that Defendant serve a term of FOUR YEARS, of which -N/A- years is a mandatory term pursuant to R.C. §2929.13(F), §2929.14(D)(3) or Chapter 2925, in prison.
>
> * * *
>
> DEFENDANT'S POST-RELEASE CONTROL ON CASE 05CR22922 IS REVOKED, THE SENTENCE OF 278 DAYS REMAINING IS IMPOSED CONSECUTIVE TO THE SENTENCE ON COUNT 2 ABOVE FOR A TOTAL SENTENCE OF 4 YEARS AND 278 DAYS. THE DEFENDANT IS DESIGNATED A TIER III SEXUAL OFFENDER PER 2950 ET SEQ. AND REQUIRED TO COMPLY WITH ALL REPORTING CONDITIONS THEREOF.

{¶ 14}   The trial court pronounced that the 278-day sentence for violating postrelease control was to be served consecutive to the kidnapping sentence.   Appellant's four-year prison sentence for kidnapping was to be served prior to the 278-day sentence for the

---

1. We note that the AWA Tier III sexual offender designation related to the kidnapping and sexual motivation specification.

postrelease control violation. Thus, appellant had already completed his four-year prison sentence for kidnapping, and had two days remaining on his 278-day sentence for violating postrelease control when the trial court imposed the Tier III AWA sexual offender designation.[2]

{¶ 15} We note that this is an identical situation to that in *Holdcroft*. There, by referencing the Third District's decision, Holdcroft's original sentencing entry stated "that the sentence imposed for Count Three shall be served consecutively to the sentence imposed in Count One." *Holdcroft*, 2012-Ohio-3066, at ¶ 4. When Holdcroft was resentenced, the new entry contained identical language with the Third District stating "[o]nce again, the trial court sentenced Holdcroft to ten years on Count One and five years on Count Three. The trial court further ordered that Count Three be served consecutively to Count One for an aggregate term of fifteen years." *Id.* at ¶ 11. The Third District understood this to mean that the ten year sentence was to be served first. *Id.* at ¶ 41. While we agree that in this case, and in *Holdcroft*, the trial court's sentencing entry reflects the respective order of the consecutive sentences, this conclusion has been subject to differing interpretations since the sentencing entry does not always indicate whether a charge is to be served prior to the postrelease control violation, or vice versa. When the consecutive nature is not clear, it has been argued that the sentences are ambiguous as to which is to be served first.

{¶ 16} In resolving those issues, several appellate courts throughout the state have held that ambiguities in the sentencing entry must be construed in the defendant's favor. For instance, as noted by the Eighth District Court of Appeals in *State v. Kish*, 8th Dist. Cuyahoga No. 99895, 2014-Ohio-699, "it is imperative that a trial court's sentencing journal entry is

---

2. The dissent suggests that the definition of "consecutive" does not inherently establish a sequence. This would be true if the trial court had indicated the sentences were to be served consecutive to one another, or if the trial court had indicated the sentences were to be served consecutively. However, here, the trial court plainly indicated that appellant was to serve four years and the 278 days was to be served consecutive to that four years. Therefore, the trial court did establish a sequence to the sentences.

unambiguous and clearly sets forth the sequence in which consecutive sentences are to be served, especially when sentencing on multiple cases or counts. Merely stating that the cases or counts are to run consecutive to or with each other is insufficient because it does not indicate which sentence is to be served first." *Id.* at ¶ 15-16; *see also State v. Fields*, 5th Dist. Muskingum No. CT2015-0031, 2016-Ohio-1217, ¶ 15; *State v. Powell*, 2d Dist. Montgomery No. 24433, 2014-Ohio-3842, ¶ 28; *State v. Cvijetinovic*, 8th Dist. Cuyahoga No. 99316, 2013-Ohio-5121, ¶ 25; *State v. Broughton*, 6th Dist. Lucas Nos. L-06-1213 and L-06-1214, 2007-Ohio-5312, ¶ 14.

{¶ 17} Accordingly, if ambiguity is perceived in the sentencing order, we agree with the various appellate courts addressing such an issue and would construe the order of sentences in favor of appellant. Therefore, we find that at the time of the resentencing hearing, appellant had already completed his four-year prison sentence for kidnapping, and was thus serving his 278-day prison related to his postrelease control violation. This issue is critical as appellant's designation as a Tier III sexual offender under the AWA relates to his conviction for kidnapping, not the violation of postrelease control.

**Appellant's AWA Tier III Classification**

{¶ 18} In light of our finding appellant was serving time on the postrelease control violation at the time the trial court's resentencing hearing, we must now address whether the trial court could resentence appellant and designate him as a Tier III sexual offender under the AWA.

{¶ 19} Prior to the AWA, Ohio's sex offender registration statutes were considered civil or remedial in nature, and no punishment was imposed on a sexual offender by the statutes. *State v. Cook*, 83 Ohio St.3d 404, 411 (1998). Without imposing a punishment, a sexual offender was not deprived of a constitutionally protected liberty interest, and in turn, not deprived of due process. *State v. Hayden*, 96 Ohio St. 3d 211, 2002-Ohio-4169, ¶ 18.

However, the implementation of the AWA transformed the nature of the sex offender registration statutes from remedial to punitive. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, ¶ 21. Because the AWA is punitive, and thus imposes a punishment, the possibility exists that a sexual offender may be deprived of a protected liberty interest by virtue of his classification.

{¶ 20} In *Holdcroft*, the Ohio Supreme Court held that "[a] trial court does not have the authority to resentence a defendant for the purpose of adding a term of postrelease control as a sanction for a particular offense after the defendant has already served the prison term for that offense." *Id.*, 2013-Ohio-5014 at paragraph three of the syllabus. Although we recognize that *Holdcroft* involved the imposition of postrelease control, as opposed to the sexual offender classification at issue here, we note that the general rules and principles relied upon by the court were not limited to the issue of postrelease control. *State v. Mockbee*, 4th Dist. Scioto No. 14CA3601, 2015-Ohio-3469, ¶ 29. Rather, as previously noted, the Supreme Court recognized that "'[n]either this court's jurisprudence nor Ohio's criminal-sentencing statutes allow a trial court to resentence a defendant for an offense when the defendant has already completed the prison sanction for that offense.'" *Id.* at ¶ 30, quoting *Holdcroft* at ¶ 19. In such circumstances, "[i]t is irrelevant whether the defendant is still in prison for other offenses." *Holdcroft* at ¶ 16, citing *Raber*, 2012-Ohio-5636, at ¶ 26.

{¶ 21} In the present case, appellant was designated as a Tier III sexual offender under the AWA related to his kidnapping conviction. However, as noted above, appellant had completed that sentence and was only incarcerated on the postrelease control violation. As the AWA is punitive, and appellant had completed the sentence relative to the sexual offender classification, we find, consistent with the Ohio Supreme Court in *Holdcroft*, that the trial court improperly imposed the AWA Tier III sexual offender classification. Therefore, we

reverse the decision of the trial court and remand this cause to the trial court with instructions to vacate the imposition of the AWA Tier III sexual offender status for the kidnapping offense.

{¶ 22} As his assignment of error is premised on the imposition of the AWA Tier III sexual offender status, we find appellant's argument that his guilty plea was not made knowingly, voluntarily, and intelligently, is now moot.[3]

Judgment reversed and remanded.

PIPER, J., concurs.

M. POWELL, P.J., dissents.

**M. POWELL, P.J., dissenting.**

{¶ 23} R.C. 2929.14(C)(6) provides that "[w]hen consecutive prison terms are imposed * * *, the term to be served is the aggregate of all of the terms so imposed."[4]

{¶ 24} In R.C. 2929.14(C)(6), the General Assembly did not provide for consecutive prison terms to be served separately and successively. Rather, the statute provides that the individual prison terms of a consecutive sentence merge into a single, aggregate prison term (i.e., "the term to be served is the aggregate of all the terms"). The effect of the statute may be likened to undivided, fractional interests in real property where the co-owners own no particular part of the property but rather a fractional interest in the whole property. Similarly, the component parts of a consecutive sentence, rather than being served separately and successively, represent a fractional part of a single, aggregate prison term, where none of the individual prison terms are completely served until the aggregate prison term is completely

---

3. Unfortunately, the dissent declines to address appellant's argument with respect to his guilty plea, noting only that it would affirm the decision. However, it is undisputed that the AWA Tier III sexual offender classification, which is punitive in nature, was not addressed at the time of plea hearing.

4. R.C. 2929.14(C)(6) was codified as R.C. 2929.14(E)(6) at the time of appellant's 2010 sentencing. I will refer to the current codification of the statute throughout this dissent.

- 10 -

served.

**{¶ 25}** In the case at bar, the sentencing entry provided that the postrelease control prison term was to be served consecutively to the kidnapping prison term. Citing *Holdcroft*, the majority holds this indicates that appellant's kidnapping sentence was to be served first because "the 278 day sentence for violating postrelease control was to be served consecutive to the kidnapping sentence."[5] Although confident in this determination, the majority recognizes that many appellate districts have found similar sentencing entries to be ambiguous with regard to the order in which the consecutive sentences are to be served. Regarding such ambiguity, the majority cites *State v. Kish*, 8th Dist. Cuyahoga No. 99895, 2014-Ohio-699; *State v. Fields*, 5th Dist. Muskingum No. CT2015-0031, 2016-Ohio-1217; *State v. Powell*, 2d Dist. Montgomery No. 24433, 2014-Ohio-3842; *State v. Cvijetinovic*, 8th Dist. Cuyahoga No. 99316, 2013-Ohio-5121; and *State v. Broughton*, 6th Dist. Lucas Nos. L-06-1213 and L-06-1214, 2007-Ohio-5312, for the proposition that ambiguities in a sentencing entry as to the order in which consecutive prison terms are to be served must be construed in a defendant's favor. Notably, these cases ignore the import of R.C. 2929.14(C)(6) as it relates to the nature of a consecutive sentence. In fact, *Kish* and *Powell,* in failing to be cognizant of R.C. 2929.14(C)(6), are based in part upon the mistaken assumption that the General Assembly has failed to address the nature of a consecutive prison sentence.[6]

**{¶ 26}** Ordering that one prison term be served consecutively to others, without more, does not imply an order in which the individual sentences are to be served (*See Kish*, *Cvijetinovic*, and *Broughton*, all of which involved sentencing entries similar to the one

---

5. Although the majority cites to *Holdcroft* as supporting this proposition, they do not cite from *Holdcroft* where the Ohio Supreme Court so held.

6. *See Kish*, 2014-Ohio-699 at ¶ 12 ("[W]e agree with Kish that no revised or administrative code dictates how multiple case sentences are to be served"); and *Powell*, 2014-Ohio-3842 at ¶ 28 ("We have noted a general absence of authority regarding the order in which a defendant serves his or her sentences when consecutive sentences are imposed on multiple counts").

involved here, in that the entries failed to clearly set forth the order in which the individual prison terms were to be served, and where as a result, the courts of appeals found the sentencing entries were ambiguous). The term "consecutive" signifies sequence, not order. Appellant's postrelease control sentence, whether served before or after the kidnapping sentence, remains consecutive to the kidnapping sentence so long as the sentences are served in an uninterrupted sequence. Absent direction in the sentencing entry as to the order in which the prison terms comprising a consecutive prison sentence are to be served or a statutory direction in that regard, R.C. 2929.14(C)(6) applies, and the sentences are served as a single aggregate prison term.

{¶ 27}   Other courts are in accord with the nature of an aggregate prison term. These courts have upheld the resentencing of a defendant during the pendency of the aggregate prison term, but subsequent to the time when one or more of the individual component prison terms would have been completed. *See State v. Lathan*, 6th Dist. Lucas No. L-10-1359, 2011-Ohio-4136, ¶ 25 ("Ohio case law supports the conclusion that a journalized sentence that includes consecutive sentences does not expire until the aggregate time of the consecutive sentences expires"); *State v. Deskins*, 9th Dist. Lorain No. 10CA009875, 2011-Ohio-2605, ¶ 19 ("a journalized sentence that includes consecutive sentences does not expire until the aggregate time of the consecutive sentences expires"); and *State v. Tharp*, 5th Dist. Perry No. 07-CA-9, 2008-Ohio-3995.

{¶ 28}   The majority, without addressing the import of R.C. 2929.14(C)(6), argues that it would constitute impermissible sentence packaging to consider consecutive prison terms as a single aggregate prison term. Under the sentencing package doctrine, a court is to consider "the sanctions imposed on multiple offenses as the components of a single, comprehensive sentencing plan." *State v. Saxon,* 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 5. Consequently, "if one of the sentences is vacated on appeal, the trial court has the authority

to review the entire 'sentencing package' on remand." *Id.* at ¶ 6. *Saxon* rejected the sentencing package doctrine as applicable in Ohio based upon our state's offense-specific, felony-sentencing scheme. However, the rejection of sentence packaging in Ohio constrains the manner in which a trial judge imposes multiple sentences, not how they are served. As the *Saxon* court observed,

> Instead of considering multiple offenses as a whole and imposing one, overarching sentence to encompass the entirety of the offenses as in the federal sentencing regime, a judge sentencing a defendant pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense. <u>Only after the judge has imposed a separate prison term for each offense may the judge then consider in his discretion whether the offender should serve those terms concurrently or consecutively</u>.

(Internal citations omitted.)  (Emphasis added.)  *Id.* at ¶ 9.

**{¶ 29}** Once a trial judge has imposed a separate sentence for each offense, it is the decision to order that individual prison terms be served consecutively that triggers the application of R.C. 2929.14(C)(6), which specifically directs that the individual terms of the consecutive sentence be served in the aggregate.

**{¶ 30}** The majority places primary reliance upon the Ohio Supreme Court's decision in *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014. *Holdcroft* involved a situation where a defendant was sentenced to consecutive ten and five-year prison terms for aggravated arson and arson, respectively. After the defendant had served ten and one-half years of his consecutive prison sentence, the trial court re-sentenced him to impose postrelease control upon the aggravated arson conviction. The Third Appellate District affirmed the resentencing and certified a conflict of its judgment with a judgment of the Eighth Appellate District. The certified conflict question was:

> Does a trial court have jurisdiction to resentence a defendant for the purpose of imposing mandatory post-release control regarding a particular conviction, <u>when the defendant has served the stated prison term regarding that conviction</u>, but has yet to

serve the entirety of his aggregate prison sentence, when all of the convictions which led to the aggregate sentence resulted from a single indictment?

(Emphasis added.) *Holdcroft* at ¶ 4.

{¶ 31} The supreme court determined that a conflict existed and accepted the case as a discretionary appeal. The supreme court reversed the Third Appellate District's judgment and held,

> Neither this court's jurisprudence nor Ohio's criminal-sentencing statutes allow a trial court to resentence a defendant for an offense when the defendant has already completed the prison sanction for that offense. It is irrelevant whether the defendant is still in prison for other offenses.

*Holdcroft* at ¶ 19.

{¶ 32} The majority relies upon *Holdcroft* for the proposition that "consecutive sentences are separate and distinct from one another and do not combine in the aggregate to form a 'sentencing package.'" Again however, the majority does not cite from *Holdcroft* to support this proposition, but rather from the Fifth Appellate District's opinion in *State v. Hilliard*, 5th Dist. Richland No. 15CA16, 2015-Ohio-5324. That is because *Holdcroft* did not adopt the proposition claimed by the majority.

{¶ 33} As *Holdcroft* involved consecutive prison terms, and as the supreme court's opinion is premised upon the completion of one of the prison terms comprising the consecutive sentence, one might conclude that the supreme court implicitly found that the individual prison terms comprising a consecutive sentence are served separately and successively. However, such an implication is not permissible pursuant to the Ohio Supreme Court's holding in *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642.

{¶ 34} As mentioned above, *Holdcroft* came to the supreme court as a certified conflict case. The certified question before the supreme court presented a factual scenario which included the premise that, while remaining in prison for another offense, the defendant

had completed the prison term for the offense for which he was resentenced. Therefore, the certified question did not call upon the supreme court to consider the manner in which a consecutive sentence is served, or how it is determined that an individual component prison term of consecutive prison terms has been completed. As the completion of the prison term was a presumed fact in the certified question presented, the analysis in *Holdcroft* begins at that point, with no analysis or discussion of any matter relating to the completion of the prison term.

{¶ 35} In *Payne*, the supreme court also considered a criminal sentencing appeal. Noting that it had held in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, that certain criminal sentencing statutes were unconstitutional if they required judicial fact-finding in order to impose a sentence greater than the maximum authorized by the jury's verdict or the defendant's admission, the supreme court considered whether a failure to object at sentencing forfeited all but plain error on appeal. The supreme court acknowledged that it had considered prior cases presenting with a procedural posture where there was no objection at sentencing and had remanded those cases for resentencing, with no mention of forfeiture for failure to object. The supreme court observed that various appellate districts had assumed its silence on the forfeiture issue indicated that objection was unnecessary. Nonetheless, the supreme court ruled that failure to object forfeits the issue for appeal. In rejecting the argument that its prior remands were an implicit recognition that an objection was not necessary, the supreme court stated,

> A reported decision, although a case where the question might have been raised, is entitled to no consideration whatever as settling * * * a question not passed upon or raised at the time of the adjudication.

*Payne*, 2007-Ohio-4642 at ¶ 11.

{¶ 36} *Holdcroft* is similar to *Payne* in that it presents with a factual and procedural

posture in which the supreme court could have considered the nature of a consecutive sentence pursuant to R.C. 2929.14(C)(6) and the order in which the individual prison terms comprising a consecutive prison sentence are to be served. The supreme court considered neither. The supreme court in *Holdcroft* never ruled that Holdcroft had completed the aggravated arson sentence. Rather, the supreme court considered the factual scenario presented by the certified question, which included the premise that the aggravated arson sentence had been completed as of the time Holdcroft was resentenced.

{¶ 37} Based upon the factual and procedural posture presented in *Holdcroft* and contrary to *Payne*, both the majority and the Fifth Appellate District in *Hilliard* implied a finding upon a "question [that] might have been raised * * * [but was] not passed upon." *Payne*, 2007-Ohio-4642 at ¶ 11. *Holdcroft* was simply a vehicle used by the supreme court to reiterate and clarify the situations in which a trial court may resentence a defendant, and to emphasize a trial court's lack of jurisdiction to resentence a defendant who has completed his prison term. The interpretation of R.C. 2929.14(C)(6) in this dissent is consistent with the ultimate opinion in *Holdcroft* as there remain situations in which one may have completed a prison term but remain incarcerated upon other sentences (i.e., concurrent prison terms of different durations; consecutive prison terms where a statute directs the order in which the prison terms are to be served; and consecutive prison terms where the sentencing court has specified the order in which the terms are to be served).

{¶ 38} Because the trial court did not direct the order in which appellant's individual prison terms were to be served, and because there is no statute addressing the order in which they are to be served, R.C. 2929.14(C)(6) applies and appellant was serving an aggregate prison term.

{¶ 39} In his assignment of error, appellant asks that we strike the imposition of the Tier III sex offender classification because the trial court's failure to advise him of the sex

offender classification at the time of his plea, renders the plea invalid. There may very well be a basis for the withdrawal of appellant's guilty plea to the kidnapping offense. However, because appellant has never sought to withdraw his guilty plea in the trial court, any issue relating to the validity of appellant's guilty plea is not properly before us. Therefore, the plea, and the resulting conviction of an offense for which imposition of a Tier III sex offender classification is mandatory, remain.[7] Because the trial court failed to include a mandatory sanction in appellant's sentence and because, as set forth above, appellant has not completed the term of imprisonment for the kidnapping offense, the trial court retained jurisdiction to resentence him. *See Holdcroft*, 2013-Ohio-5014 at ¶ 18 ("[W]hen the prison-sanction portion of a sentence that also includes a void sanction has not been completely served, the void sanction may be modified").

{¶ 40} The trial court properly resentenced appellant and I would affirm. Therefore, with regard and respect for my colleagues in the majority, I dissent.

---

7. R.C. 2929.19(B)(3)(a)(ii) provides, "The court shall include in the offender's sentence a statement that the offender is a tier III sex offender/child victim offender [if] * * * [t]he offender is being sentenced for a sexually oriented offense that the offender committed on or after January 1, 1997 and the offender is a tier III sex offender/child victim offender relative to the offense."