[Cite as *State v. McBride*, 2017-Ohio-891.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-T-0006** |
| CHRISTOPHER L. McBRIDE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2002 CR 00517.

Judgment: Affirmed in part; reversed in part and remanded.

*Dennis Watkins,* Trumbull County Prosecutor, and *LuWayne Annos,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Michael A. Partlow,* 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Christopher McBride, appeals the judgment of the Trumbull County Court of Common Pleas denying his motion to withdraw his guilty plea to multiple counts of aggravated robbery, aggravated burglary, kidnapping, rape, and related felonies. At issue is whether the trial court abused its discretion in denying the motion. For the reasons that follow, we affirm in part; reverse in part and remand.

{¶2} On August 26, 2002, appellant was charged in a ten-count indictment with two counts of aggravated robbery, each being a felony-one; two counts of aggravated burglary, each being a felony-one; two counts of rape, each being a felony-one; kidnapping, a felony-one; kidnapping, a felony-two; burglary, a felony-two; and receiving stolen property, a felony-four. Following a change-of-plea hearing, appellant pled guilty to each count as charged.

{¶3} On March 31, 2003, the case came on for sentencing. The court noted in its sentencing entry that appellant "terrorized a minor, a 71-year-old widow, and a 51-year-old professional woman, whom he raped in her own house." The court also noted appellant has an extensive criminal history. The court sentenced appellant to seven years in prison on five of the felony-ones, and five years on one of the felony-twos, each of which was ordered to be served consecutively to the other, for a total of 40 years. The court also sentenced appellant to seven years on two other felony-ones, six years on one felony-two, and one year on the one felony-four, each of which was to be served concurrently.

{¶4} Appellant did not file a direct appeal of his conviction. Rather, some 13 years after his sentencing, on October 30, 2015, he filed the instant pro se motion to withdraw his guilty plea pursuant to Crim.R. 32.1. Appellant did not argue his plea was involuntary or otherwise invalid; rather, he requested a re-sentencing, arguing the trial court in its sentencing entry failed to set forth the order in which his consecutive sentences were to be served. The trial court denied the motion without a hearing. Appellant appeals the trial court's judgment, asserting the following as his sole assignment of error:

**{¶5}** "The trial court erred and abused its discretion by denying the appellant's motion to withdraw his guilty plea."

**{¶6}** Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed * * *; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit a defendant to withdraw his plea." "A defendant who seeks to withdraw a guilty plea after sentence has the burden of establishing a manifest injustice." *State v. Dudas*, 11th Dist. Lake Nos. 2008-L-081 and 2008-L-082, 2008-Ohio-7043, ¶23. Under that standard, a post-sentence withdrawal motion is allowable only in *extraordinary cases* to correct a manifest injustice*. Id.*; *State v. Glenn*, 11th Dist. Lake No. 2003-L-022, 2004-Ohio-2917, ¶26; *State v. Mack*, 11th Dist. Portage No. 2005-P-0033, 2006-Ohio-1694, ¶15. The logic behind this high standard is "to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe." *State v. Caraballo*, 17 Ohio St.3d 66, 67 (1985).

**{¶7}** "Manifest injustice is determined by examining the totality of the circumstances surrounding the guilty plea. Paramount in this determination is the trial court's compliance with Crim.R. 11(C), evidence of which must show in the record that the accused understood his rights accordingly." *State v. Padgett*, 8th Dist. Cuyahoga No. 64846, 1993 WL 243101, *1 (Jul. 1, 1993). "A Crim.R. 32.1 motion to withdraw a guilty plea provides a means for challenging the knowing, voluntary, and intelligent nature of a plea." *State v. Temaj-Felix*, 1st Dist. Hamilton No. C-140138, 2015-Ohio-3967, ¶7.

{¶8} The decision whether to grant or deny a post-sentence motion to withdraw a guilty plea is within the sound discretion of the trial court. *State v. Smith,* 49 Ohio St.2d 261 (1977), paragraph two of the syllabus; *State v. Pearson*, 11th Dist. Geauga Nos. 2002-G-2413 and 2002-G-2414, 2003-Ohio-6962, ¶7. The good faith, credibility, and weight of the movant's assertions in support of the motion are to be resolved by the trial court. *Smith, supra*; *State v. Jordan*, 10th Dist. Franklin No. 04AP-42, 2004-Ohio-6836, ¶5. Accordingly, appellate review of the trial court's denial of a post-sentence motion to withdraw a guilty plea is limited to a consideration of whether the lower court abused its discretion. *Pearson, supra*; *Glenn, supra*, at ¶27. The term "abuse of discretion" is one of art, connoting judgment exercised by a court, which does not comport with reason or the record. *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089, ¶30.

{¶9} Appellant has failed to provide us with the transcript of his guilty plea hearing. Without a transcript of this hearing, this court must presume its regularity. *State v. Mack*, 11th Dist. Portage No. 2005-P-0033, 2006-Ohio-1694, ¶17. "'When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass on and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.'" *Jordan*, *supra*, at ¶6, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). "[Where] a transcript of the guilty plea hearing is not available, we cannot adequately determine whether appellant fully understood the * * * consequences of his guilty plea * * *. As a result, we cannot conclude that a manifest injustice has occurred." *Mack, supra*, at ¶19.

4

**{¶10}** "Because [the defendant] failed to provide us with a transcript of the plea hearing, we presume that his plea was entered in accordance with Crim.R. 11(C), and was thus a voluntary and knowingly entered plea." *State v. Griffith*, 8th Dist. Cuyahoga No. 84760, 2005-Ohio-1500, ¶11.

**{¶11}** As appellant has failed to provide us with the transcript of his guilty plea hearing, we must presume regularity of that proceeding and affirm. As such, we presume that appellant's plea was knowing and voluntary and that no manifest injustice occurred.

**{¶12}** We note that appellant filed in the trial court a "motion for copy or use of court transcripts at the state's expense for preparation of motion to withdraw plea." The trial court denied the motion and appellant does not assign error to this ruling on appeal.

**{¶13}** In any event, even if appellant had filed the transcript of his guilty plea hearing, his motion to withdraw would still lack merit because he does *not* argue that his guilty plea was not knowingly, intelligently, and voluntarily entered or that a manifest injustice occurred. Instead, the sole ground urged by appellant below and on appeal in support of his motion to withdraw his guilty plea is that the trial court failed to state the order in which his consecutive sentences were to be served. However, appellant does not cite any case law holding an ambiguous sentencing entry provides legal grounds to withdraw a guilty plea. A sentencing error is properly raised in the trial court at sentencing or via a motion to vacate or correct the sentence, not in a motion to withdraw a guilty plea.

**{¶14}** However, because appellant's motion raised the issue of the ambiguity of his sentence, in the interest of justice, we address the argument.

5

{¶15} The cases on which appellant relies are distinguishable because they involved a claim of prejudice resulting from the order of the defendant's sentences, which is not the case here. First, in *State v. Cvijetinovic*, 8th Dist. Cuyahoga No. 99316, 2013-Ohio-5121, the court sentenced the defendant in one case to four years and, in another case, to 12 years, each to be served consecutively to the other. The sentencing entries were ambiguous as to which sentence was to be served first. Twelve years later, the court was advised it had not imposed post-release control. During a hearing to impose this sanction, the defendant argued that he had already served the 12-year sentence (which would have included a five-year term of post-release control) and that he was now serving the four-year sentence (which would only include a three-year term of post-release control). He argued post-release control should be imposed on the four-year sentence. The court disagreed and imposed the five-year term on the 12-year sentence. The defendant moved to vacate post-release control, which the court denied. On appeal, the Eighth District held that because it was unclear from the sentencing entries which sentence was to be served first, the sentence was ambiguous and must be construed in the defendant's favor. *Id.* at ¶23. Thus, the Eighth District held the 12-year sentence was served first and thus completed by the time the court imposed post-release control. As a result, the five-year term of post-release control was reversed and the case was remanded to determine the appropriate term of post-release control, if any, to be imposed on the other case. *Id.* at ¶26.

{¶16} Appellant also relies on *State v. Broughton*, 6th Dist. Lucas Nos. L-06-1213 and L-06-1214, 2007-Ohio-5312. In that case, the defendant was sentenced to a mandatory term of six months for one crime and a non-mandatory one-year term for

6

another, the two terms to be served consecutively to the other. Later, after appellant was released and committed a probation violation, the court re-imposed the defendant's original sentence on the mandatory six-month term. The defendant appealed. The Sixth District held that because the two sentences were imposed consecutively with no sequence stated, an ambiguity was created as to which sentence was to be served first. The court held the ambiguity should have been construed in the defendant's favor and, thus, when his sentence was re-imposed for his probation violation, the mandatory six-month term should have been construed as having been served first and thus credited first. *Id.* at ¶12-14. Since the defendant was in jail for more than six months, the mandatory sentence was completed and any remaining jail time should have been credited against the one-year, non-mandatory sentence. *Id.* at ¶14.

{¶17} In contrast to the foregoing cases, appellant does not argue he was prejudiced due to, e.g., the imposition of post-release control or the re-imposition of sentence following a probation violation. He simply argues that because the sentencing entry did not state the order in which his consecutive sentences were to be served, the entry was ambiguous and he is entitled to withdraw his guilty plea.

{¶18} However, several Ohio Appellate Districts have held that "[a] trial court does not err by not expressly setting forth the order for service of consecutive sentences as there are statutes and rules that govern the order of how sentences are to be served." *State v. Mundy*, 9th Dist. Medina No. 15CA0001-M, 2016 WL 3570367, ¶13. *Accord State v. Jackson*, 7th Dist. Mahoning No. 13 MA 121, 2014-Ohio-2249, ¶43-45; *State v. Robinson*, 8th Dist. Cuyahoga No. 103559, 2016-Ohio-2931, ¶11.

{¶19} In *Jackson, supra*, the Seventh District persuasively stated:

7

**{¶20}** [T]he required content of a sentencing entry is governed by statute, rule, or case law interpreting a statute or rule, not by an appellate court's concern about * * * future potentialities. In fact, the cases cited by appellant [*Cvijetinovic, supra,* and *Broughton, supra,*] do not support his claim that a sentencing entry is reversible if it does not specifically explain the order of service. Read in context, the statement in *Cvijetinovic* that "the sentencing journal entries should dictate how sentences are served" just means that, *if an issue arises later*, the court will read the entries themselves and will not utilize other material or mere case numbers, to determine the order of sentences. It does not stand for the proposition that all sentencing entries imposing consecutive sentences must contain a statement regarding the sequence of the sentences or they are reversible.

**{¶21}** Thus, appellant provides no support for his argument that a sentencing court commits reversible error by not expressly providing the order of consecutive sentences. * * * The two cases appellant relies upon dealt with issues that arose later, upon a trial court's construction of sentencing time *where such construction actually affected the defendant.*

**{¶22}** Whether an issue will actually arise in appellant's case is mere conjecture that is not even theorized by appellant. There are no concerns as to any discernible issues raised here. We cannot make predictions on the assorted latent issues that may or may not arise under various statutes that may or may not affect appellant in the future. This argument is therefore overruled. (Emphasis added.) *Jackson, supra,* at ¶43-45.

**{¶23}** As noted above, appellant does not argue he was prejudiced as a result of the court not specifying the order of his consecutive sentences. Moreover, the resolution of any ambiguity in the sentencing entry is not properly before us because, in the present circumstances, regardless of whether appellant serves the felony-ones or the lesser-degree felonies first, he will have to serve his 40-year consecutive sentence followed by five years of post-release control.

**{¶24}** Further, while appellant does not argue the trial court improperly notified him regarding post-release control, we sua sponte consider the issue as it affects his

8

substantial rights. *State v. Hartson*, 8th Dist. Cuyahoga No. 91610, 2009-Ohio-1603, ¶38. Specifically, the trial court failed to properly notify appellant in the sentencing entry that (1) he was subject to a mandatory five-year period of post-release control, and that (2) the parole board could impose an additional prison term of up to one-half of his original prison sentence for a violation of post-release control.

{¶25} R.C. 2929.19(B)(3)(c) and (e) provide that if the sentencing court determines at the sentencing hearing that a prison term is necessary, the court *shall* notify the offender that he will be under post-release control after he leaves prison if he is being sentenced for a felony of the first or second degree, and that the parole board may impose a prison term, as part of the sentence, of up to one-half of his original sentence.

{¶26} In addition, R.C. 2967.28(B) provides that each prison term for a felony of the first or second degree shall include a requirement that the offender be subject to a period of post-release control. That period "shall be one of the following periods: (1) For a felony of the first degree * * *, five years; (2) For a felony of the second degree * * *, three years." Further, "[a]ny sentence to a prison term for a felony of the * * * fourth * * * degree * * * shall include a requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment, if the parole board * * * determines that a period of post-release control is necessary for that offender." R.C. 2967.28(C).

{¶27} R.C. 2967.28(F)(4)(c) mandates that in multiple offense cases, "only one post-release control sanction (the longest term) can be imposed for all of the offenses." *State v. Reed*, 6th Dist. Erie No. E-11-049, 2012-Ohio-5983, ¶12. *Accord State v.*

9

*Patterson*, 5th Dist. Stark No. 2014CA00220, 2015-Ohio-1714, ¶18. Thus, "the court only has the duty in multiple offense cases to notify the defendant of and impose the longest term of postrelease control applicable under R.C. 2967.28(B)." *Reed, supra.* Further, "the trial court need not announce at the sentencing hearing nor include in the sentencing judgment the applicable postrelease control sanction for each individual offense irrespective of whether the terms of control are identical or different." *Id.*

{¶28} Appellant pled guilty to and was sentenced on seven first-degree felonies, two second-degree felonies, and one fourth-degree felony. Thus, he was subject to a period of mandatory post-release control of five years.

{¶29} A trial court must properly impose post-release control at the sentencing hearing and in the sentencing entry. *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶18-19. Here, in its sentencing entry, the trial court stated, "[t]he court has further notified the Defendant that post release control is mandatory in this case *up to* a maximum of 5 years, as well as the *consequences for violating conditions of post release control* imposed by the Parole Board * * *." (Emphasis added.)

{¶30} This court in *State v. Gaut*, 11th Dist. Trumbull No. 2010-T-0059, 2011-Ohio-1300, considered language in a sentencing entry that was virtually identical to the language employed by the trial court here. This court in *Gaut* stated:

> {¶31} The trial court's statement that "postrelease [control] is mandatory in this case up to a maximum of five years" implies Mr. Gaut could be subjected to less than five years of postrelease control, when in fact he is required to serve a definite term of five years. Therefore, the court did not properly impose the postrelease control. *See State v. O'Neal*, 9th Dist. [Medina] No. 09CA0045-M, 2010-Ohio-1252, ¶6 (the trial court's statement that "postrelease control is mandatory up to a maximum of 5 years" does not conform to the statutory requirement); * * * *State v. Ericson*, 7th Dist. [Mahoning] No. 09 MA 109, 2010-Ohio-4315[, ¶40] (statement that the defendant is

subject to a postrelease control of "up to five years" is incorrect because it implies the term is not mandatory). *Gaut, supra*, at ¶20.

**{¶32}** Further, this court in *State v. Young*, 11th Dist. Trumbull No. 2009-T-0130, 2011-Ohio-4018, in considering basically the same language used in the sentencing entry here, held that the sentence must also be corrected to state that the parole board may impose a prison term of up to one-half of the defendant's prison sentence for any violation. *Id.* at ¶96.

**{¶33}** With respect to the remedy for improperly imposed post-release control, the General Assembly enacted R.C. 2929.191, effective July 11, 2006, to establish a simple procedure. However, the Supreme Court of Ohio in *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, held that R.C. 2929.191 could not be applied retroactively to offenders sentenced before its enactment and that a de novo hearing is required in those cases. *Id.* at paragraph one of the syllabus and ¶1.

**{¶34}** Here, appellant was sentenced on March 31, 2003, long before the effective date of R.C. 2929.191. In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, the Supreme Court of Ohio considered the imposition of post-release control on a defendant who was sentenced before the enactment of R.C. 2929.191. The Court held that "when a judge fails to impose statutorily mandated post release control as part of a defendant's sentence, [it is] that part of the sentence that is void and must be set aside." *Fischer, supra,* at ¶26. The *Fischer* court held that "the new sentencing hearing to which an offender is entitled * * * is limited to proper imposition of postrelease control." *Id.* at ¶29. Further, in *Qualls*, *supra*, the Ohio Supreme Court held that when a defendant is notified about post-release control at the sentencing hearing, but

11

notification is omitted from the sentencing entry, the omission can be corrected with a nunc pro tunc entry and the defendant is not entitled to a new sentencing. *Id.* at ¶23.

{¶35} Because appellant failed to provide a transcript of the sentencing hearing as required by App.R. 9, we presume regularity of the sentencing hearing, i.e., that the trial court properly advised appellant concerning post-release control. *State v. Tanksley*, 2d Dist. Clark No. 2015-CA-90, 2016-Ohio-2963, ¶12. Based on that presumption, the mistake in the sentencing entry is subject to correction by nunc pro tunc entry. *Id.*; *Qualls*, *supra*. Therefore, on remand, the trial court shall prepare and issue a nunc pro tunc entry to reflect that it properly advised appellant regarding the specifics of these two aspects of post-release control at the sentencing hearing.

{¶36} In view of the foregoing, we hold the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea. However, the court did err in imposing post-release control and, on remand, the court shall correct this part of the court's sentencing entry pursuant to the instructions set forth herein.

{¶37} For the reasons stated in the opinion of this court, it is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is affirmed in part and reversed in part; and this case is remanded for further proceedings consistent with the opinion.


DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concur.