[Cite as *State v. Nagy*, 2019-Ohio-3058.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-P-0098** |
| JESSICA D. NAGY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2015 CR 00283 D.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Jessica D. Nagy,* pro se, PID: W099-552, Northeast Reintegration Center, 2675 East 30th Street, Cleveland, OH 44115 (Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Jessica D. Nagy ("Ms. Nagy"), appeals the judgment of the Portage County Court of Common Pleas denying her pro se motion for transcripts at the state's expense. Ms. Nagy also attempts to appeal the trial court's orders sentencing her to a term of community control sanctions and subsequently revoking her community control and sentencing her to prison.

{¶2}   We find that: (1) we lack jurisdiction to consider Ms. Nagy's appeal of her sentences because any appeal as of right was not filed within the required time period, and (2) Ms. Nagy is not currently entitled to transcripts at the state's expense because she does not have a present appeal as of right or an actual appeal pending pursuant to the allowance of a motion for leave to file a delayed appeal.

{¶3}   Ms. Nagy may file the appropriate documents described in App.R. 5(A) to request leave to file a delayed appeal.  In the event this court grants leave, Ms. Nagy may then re-file a motion with the trial court requesting the applicable transcripts at the state's expense.

{¶4}   For the following reasons, we affirm the judgment of the Portage County Court of Common Pleas.

## Substantive History and Procedural Background

{¶5}   On April 23, 2015, the Portage County Grand Jury indicted Ms. Nagy for grant theft auto, a fourth-degree felony, in violation of R.C. 2913.02(A)(3) and (B), and complicity to burglary, a second-degree felony, in violation of R.C. 2923.03 and 2911.12(A)(2) and (D).  Ms. Nagy was appointed counsel and pleaded not guilty.

{¶6}   Ms. Nagy subsequently entered a written plea of guilty to both counts.  The trial court accepted her guilty plea, found her guilty, and referred the matter for a pre-sentence investigation and report.

{¶7}   Following a sentencing hearing, the trial court issued a judgment entry on April 19, 2016, sentencing Ms. Nagy to 60 months of community control sanctions, which consisted of 12 months of intensive supervision followed by 48 months of general supervision.  According to the entry, the trial court notified Ms. Nagy that if she violated the terms of the community control sanctions, she "may receive more restrictive

2

community control sanctions" or "will serve a specific prison term of seven years and eighteen months." Ms. Nagy did not file a notice of appeal from this entry.

{¶8} The adult probation department subsequently filed two motions to modify or revoke Ms. Nagy's community control based on Ms. Nagy's alleged violations of its terms.

{¶9} Pursuant to a judgment entry issued on December 6, 2017, the trial court revoked community control and sentenced Ms. Nagy to prison for "a period of seven (7) years, to be served for the offenses of 'Grand Theft Auto' and 'Complicity to Burglary', or until legally released to run concurrently to the 18-month sentence currently being served[.]" The trial court ordered the sentence to be served concurrently to a prison term imposed in an unrelated Portage County case but consecutively to a prison term imposed in an unrelated Summit County case. The trial court also granted Ms. Nagy 51 days of jail-time credit.

{¶10} The trial court issued a nunc pro tunc judgment entry on December 26, 2017 stating that Ms. Nagy was sentenced to 7 years for complicity to burglary and 18 months for grand theft auto to be served concurrently to one another.

{¶11} The trial court issued another nunc pro tunc entry on January 8, 2018 specifying that Ms. Nagy was to receive 51 days of jail-time credit. The number had been excluded from the previous nunc pro tunc judgment entry.

{¶12} Ms. Nagy did not appeal any of the above three entries.

{¶13} On July 6, 2018 and on November 5, 2018, Ms. Nagy moved the trial court for preparation of complete transcripts of all proceedings in the case at the state's expense for the purpose of pursuing a motion for a delayed appeal. The trial court denied Ms. Nagy's motion as untimely, stating that Ms. Nagy had been sentenced on April 18,

3

2016 and was advised at that time of her right to appeal within 30 days of the sentencing entry.

{¶14} Ms. Nagy now appeals and presents the following two assignments of error for our review:

{¶15} "[1.] The trial [court] violated defendant's constitutional rights to due process and equal protection of law by its refusal to allow her access to the trial transcripts in order to effectuate an appeal. The refusal to allow defendant the transcripts at State Expense abrogated her right to prepare and file her appellate brief pro se. The denial of giving defendant the transcripts is a violation of defendant's rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution, and Due Process Clause of the Fifth Amendment.

{¶16} "[2.] The trial court erred as a matter of law because the trial court failed to originally sentence Jessica D. Nagy to community control on each separate count of which she was convicted, and instead sentenced her to one lump term of community control, it was error for the trial court to impose a sentence on each count upon revocation of one term of community control."

{¶17} We address Ms. Nagy's assignments of error out of order.

**Alleged Sentencing Errors**

{¶18} In her second assignment of error, Ms. Nagy challenges her original sentence of community control sanctions and her subsequent sentence of imprisonment following the trial court's revocation of community control.

{¶19} Ms. Nagy has not properly appealed the trial court's entries regarding her sentences. The only judgment entry designated in and attached to Ms. Nagy's notice of

4

appeal is the entry denying her motion for transcripts. *See* App.R. 3(D) ("The notice of appeal * * * shall designate the judgment, order or part thereof ap[p]ealed from"); Loc.R. 3(D)(2) ("The appellant shall attach to the Notice of Appeal, a copy of the judgment entry or entries being appealed"); *Burton Carol Mgt., L.L.C. v. Ziegler*, 11th Dist. Lake No. 2015-L-008, 2015-Ohio-4925, ¶4 (holding that we need not address arguments arising from a decision that was not properly appealed).

{¶20} Further, pursuant to App.R. 3(A) and 4(A)(1), a notice of appeal as of right must be filed with the clerk of the trial court within 30 days of the judgment or final order from which the appeal is taken. *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988). The judgment entries relating to Ms. Nagy's sentences were filed April 19, 2016, December 6, 2017, December 26, 2017, and January 8, 2018. Ms. Nagy failed to file a notice of appeal regarding any of these entries within the required time period.

{¶21} Where a notice of appeal is not filed within the time prescribed by law, the reviewing court is without jurisdiction to consider issues that should have been raised in the appeal. *Pendell* at 60. Since we are without jurisdiction to consider Ms. Nagy's appeal of her sentences, Ms. Nagy's second assignment of error is dismissed.

### Denial of Motion for Transcripts

{¶22} In her first assignment of error, Ms. Nagy argues that the trial court violated her constitutional rights by denying her request for transcripts at the state's expense.

### *Jurisdiction*

{¶23} Prior to addressing the merits of Ms. Nagy's argument, we must sua sponte address whether the trial court's judgment entry is a final, appealable order.

5

**{¶24}** In *State v. Tripodo*, 50 Ohio St.2d 124 (1977), the Supreme Court of Ohio acknowledged that an order denying an indigent defendant's request for transcripts, when properly journalized, is a final, appealable order. *Id*. at 127. In *Tripodo*, the defendant filed a motion for a transcript of the proceedings, but the trial court's judgment entry denying the request "was never made final by a judgment entry properly journalized." *Id*. at 126. The court stated that if the entry had been placed on the record, the defendant's notice of appeal would have been based on "a final judgment vesting the Court of Appeals with subject matter jurisdiction." *Id*. at 127.

**{¶25}** Many of our sister districts have relied on *Tripodo* in determining that an order denying a transcript at the state's expense is final and appealable or have implicitly acknowledged that such an order is final and appealable. *See State v. Evans*, 9th Dist. Medina No. 17CA0029, 2017-Ohio-9293, ¶6 (citing cases from the Second, Fourth, Fifth, Sixth, Eighth, Ninth, and Tenth Districts).

**{¶26}** Although we have previously stated that such an order was not final and appealable, the basis of our decision was that the defendant was not legally entitled to a transcript because a transcript had already been filed in his direct appeal and he did not have a pending case. *See State v. Miller*, 11th Dist. Trumbull No. 2015-T-0022, 2015-Ohio-2986, ¶2, 5-6. *See also State v. Jones*, 7th Dist. Mahoning No. 14 MA 46, 2015-Ohio-1707, ¶18 (noting that it previously denied an appeal relating to the defendant's request for transcripts because the order was not final and appealable and the defendant "did not have pending in the trial court any action to warrant review of the trial transcripts").

**{¶27}** As the Ninth District has recognized, such analysis addresses the merits rather than the finality of the order. *See Evans* at ¶7. We therefore hold that the underlying order is a final, appealable order and address the merits of Ms. Nagy's appeal.

6

***Analysis***

**{¶28}**  Courts have long recognized that an indigent defendant has a constitutional right to a transcript at public expense for an appeal.  *See State ex rel. Copeland v. Judges of Court of Appeals of Third Appellate Dist.*, 67 Ohio St.2d 1, 5 (1981); *Griffin v. Illinois*, 351 U.S. 12, 19-20 (1956) (plurality opinion).  However, this right is subject to certain limitations.  For instance, the Supreme Court of Ohio has held that an indigent defendant's right is dependent upon having either (1) "a present appeal as of right from his [or her] conviction," or (2) "an actual appeal pending pursuant to the allowance of a motion for leave to appeal."  (Citations omitted.)  *State ex rel. Braxton v. Parrino*, 176 Ohio St. 318, 319 (1964).

**{¶29}**  Ms. Nagy does not have a present appeal as of right.  As demonstrated above, the applicable periods for any appeals as of right have long expired, so we lack jurisdiction to hear any such appeals.

**{¶30}**  Ms. Nagy also does not have an actual appeal pending pursuant to the allowance of a motion for leave to appeal.  App.R. 5(A) provides as follows:

**{¶31}**  "(1)  After the expiration of the thirty day period provided by App. R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

**{¶32}**  "(a) Criminal proceedings;

**{¶33}**  "(b) Delinquency proceedings; and

**{¶34}**  "(c) Serious youthful offender proceedings.

**{¶35}**  "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right.  Concurrently with the filing of the motion, the movant shall file with the clerk of the trial

7

court a notice of appeal in the form prescribed by App. R. 3 and shall file a copy of the notice of the appeal in the court of appeals. The movant also shall furnish an additional copy of the notice of appeal and a copy of the motion for leave to appeal to the clerk of the court of appeals who shall serve the notice of appeal and the motions upon the prosecuting attorney."

**{¶36}** Ms. Nagy has not filed a motion for leave to file a delayed appeal, so we necessarily have not granted any such motion. *See State ex rel. Vaughn v. Reid*, 173 Ohio St. 464, 466 (1962) ("where the statutory period for an appeal as of right has expired, it must be shown that an appeal is pending, i.e., leave to appeal has been granted, before the right to the transcript arises").

**{¶37}** Ms. Nagy's first assignment of error is without merit.

**{¶38}** Ms. Nagy may file the appropriate documents pursuant to the procedures described in App.R. 5(A) to request leave to file a delayed appeal. In the event this court grants leave, Ms. Nagy may then re-file a motion with the trial court requesting the applicable transcripts at the state's expense.

**{¶39}** For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.