[Cite as *State v. McLandrich*, 2021-Ohio-1016.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2020-G-0265** |
| - vs - | : | |
| TERESA L. McLANDRICH, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Chardon Municipal Court, Case No. 2015 CR B 00349.

Judgment: Reversed and remanded.

*Steven E. Patton*, Patton & Lee, LLC, 7160 Chagrin Road, Suite 155, Chagrin Falls, OH 44023; *Dennis M. Coyne*, 1428 Hamilton Avenue, Cleveland, OH 44114; and *Benjamin G. Chojnacki*, City of Chardon Law Director, 1301 East Ninth Street, Suite 3500, Cleveland, OH 44114 (For Plaintiff-Appellee).

*Julie C. Cortes* and *Mason A. Pesek*, The Legal Aid Society of Cleveland, 1223 West Sixth Street, Cleveland, OH 44113 (For Defendant-Appellant).

MARY JANE TRAPP, P.J.

{¶1} Appellant, Teresa L. McLandrich ("Ms. McLandrich"), appeals the judgment of the Chardon Municipal Court denying her application to seal the record of her convictions.

{¶2} Ms. McLandrich asserts two assignments of error, contending that the trial court (1) abused its discretion by denying her application without any information, analysis, or reasoning in the record reflecting its consideration of the applicable statutory

factors, and (2) erred as a matter of law in denying her application because she qualified as an "eligible offender" under R.C. 2953.31 and because the criminal offenses she sought to have sealed are subject to sealing under R.C. 2953.32.

{¶3} After a careful review of the record and pertinent law, we find as follows:

{¶4} (1) Ms. McLandrich has not demonstrated that the trial court did not properly consider the statutory factors. Since Ms. McLandrich has not complied with App.R. 9, we must presume that the trial court considered the requisite statutory factors at the hearing on Ms. McLandrich's application. In addition, the record on appeal contradicts Ms. McLandrich's assertion that the trial court provided no reasoning for its denial of her application.

{¶5} (2) The trial court erred as a matter of law in determining that "[t]he offenses charged are not eligible to be sealed." None of Ms. McLandrich's convictions are exempt from being sealed pursuant to R.C. 2953.36(A).

{¶6} Thus, we reverse the trial court's judgment and remand for the trial court to consider the evidence in relation to the statutory factors set forth in R.C. 2953.32(C)(1)(a) through (e). In the event the recording equipment did not function properly during the prior hearing, the trial court shall hold a new hearing to receive and consider evidence.

### Substantive and Procedural History

{¶7} In August 2015, Ms. McLandrich pleaded no contest in the Chardon Municipal Court to violating a temporary restraining order pursuant to R.C. 2919.27, a first-degree misdemeanor. The complaint alleged that pursuant to the relevant protection order, Ms. McLandrich was prohibited from contacting the victim and that she "contacted the victim via Facebook and left her a private picture message." The trial court found Ms.

2

McLandrich guilty and sentenced her to a term of probation. Ms. McLandrich was subsequently convicted of probation violations pursuant to R.C. 2951.08 in June 2016 and November 2016 as a result of positive drug tests.

{¶8} In July 2020, Ms. McLandrich filed an application in the trial court to seal the records of her convictions in seven criminal cases, including the underlying case. The trial court held a hearing on Ms. McLandrich's application. The record before us does not include a transcript of proceedings, a statement of the evidence or proceedings, or an agreed statement, pursuant to App.R. 9.

{¶9} The trial court subsequently filed a judgment entry that stated as follows:

{¶10} "This matter came on for consideration on August 11, 2020 upon defendant's Motion to SEAL RECORD.

{¶11} "Upon due consideration, the Court finds said Motion NOT well-taken.

{¶12} "IT IS THEREFORE THE ORDER OF THIS COURT that said Motion is hereby denied. The offenses charged are not eligible to be sealed."[1]

{¶13} Ms. McLandrich appealed and presents the following two assignments of error for our review:

{¶14} "[1.] The trial court abused its discretion when it failed to include in the record any information, analysis, or reasoning demonstrating its consideration of the statutory factors for the sealing of criminal records pursuant to R.C. 2953.32 or its decision to deny Ms. Leanza's application in its judgment order.

{¶15} "[2.] The trial court erred as a matter of law in denying Ms. Leanza's

---

1. The case caption of the judgment entry lists case no. 2015 CR B 00349, which is the underlying case, and case no. 2015 CR B 00267. Ms. McLandrich's appeal with respect to case no. 2015 CR B 00267 is before this court in case no. 2020-G-0264.

3

application to seal her criminal records because she met the definition of an 'eligible offender' pursuant to R.C. 2953.31 and the criminal offenses she sought to have sealed are subject to criminal record sealing pursuant to R.C. 2953.32."

### Standard of Review

{¶16} Generally, we review a trial court's decision to deny an application to seal a record of conviction for an abuse of discretion. *State v. Talameh*, 11th Dist. Portage No. 2011-P-0074, 2012-Ohio-4205, ¶ 20. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004). To the extent we are required to interpret and apply sections of the Ohio Revised Code, our review is de novo. *Talameh* at ¶ 20.

### Consideration of Statutory Factors

{¶17} In her first assignment of error, Ms. McLandrich contends that the trial court abused its discretion by denying her application without including in the record any information, analysis, or reasoning regarding its consideration of the applicable statutory factors.

{¶18} R.C. 2953.31 et seq. sets forth the statutory scheme for sealing a record of conviction. *Talameh* at ¶ 7.

{¶19} R.C. 2953.32(A)(1)(c) provides, in relevant part, that "[a]n eligible offender may apply to the sentencing court * * * for the sealing of the record of the case that pertains to the conviction * * * [a]t the expiration of one year after the offender's final discharge if convicted of a misdemeanor." The term "eligible offender" is defined in R.C. 2953.31(A)(1).

4

{¶20} R.C. 2953.32(B) and (C) set forth the procedures for the trial court to follow upon an application to seal the record. *Talameh* at ¶ 9. They provide, in relevant part, as follows:

{¶21} "(B) Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified. The court shall direct its regular probation officer, a state probation officer, or the department of probation of the county in which the applicant resides to make inquiries and written reports as the court requires concerning the applicant. * * *.

{¶22} "(C)(1) The court shall do each of the following:

{¶23} "(a) Determine whether the applicant is an eligible offender * * *.

{¶24} "(b) Determine whether criminal proceedings are pending against the applicant;

{¶25} "(c) If the applicant is an eligible offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;

{¶26} "(d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

{¶27} "(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed against the legitimate needs, if any, of the government to maintain those records.

{¶28} "(2) If the court determines, after complying with division (C)(1) of this section, that the applicant is an eligible offender * * *, that no criminal proceeding is pending against the applicant, that the interests of the applicant in having the records pertaining to the applicant's conviction * * * sealed are not outweighed by any legitimate governmental needs to maintain those records, and that the rehabilitation of an applicant who is an eligible offender applying pursuant to division (A)(1) of this section has been attained to the satisfaction of the court, the court * * * shall order all official records of the case that pertain to the conviction * * * sealed * * *."

{¶29} Ms. McLandrich contends that the trial court failed to include any indication in the record that it considered the requisite statutory factors. For instance, Ms. McLandrich states that while the record reflects that a hearing was held, there is no audio or video recording of the hearing and no transcript.

{¶30} This court has held that "a trial court cannot deny an application without considering, on record, each of the factors set forth in the statute." *State v. M.J.*, 11th Dist. Ashtabula No. 2018-A-0046, 2019-Ohio-1420, ¶ 21. However, Ms. McLandrich's argument does not acknowledge her affirmative obligations under App.R. 9.

{¶31} Specifically, "it is the obligation of *the appellant* to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed in a form that meets the specifications of App.R. 9(B)(6)." (Emphasis added.) App.R. 9(B)(1). "*The appellant* shall order the

6

transcript in writing and shall file a copy of the transcript order with the clerk of the trial court." App.R. 9(B)(3) (Emphasis added.) "If no recording was made, or when a recording was made but is no longer available for transcription, App.R. 9(C) or 9(D) may be utilized." App.R. 9(B)(4).

{¶32} App.R. 9(C)(1) permits "*the appellant*" to "prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." (Emphasis added.) App.R. 9(D)(1) permits "the parties" to "prepare and sign a statement of the case showing how the issues raised in the appeal arose and were decided by the trial court."

{¶33} In this case, the record does not contain a transcript under App.R. 9(B) or a suitable substitute under App.R.9(C) or (D). Ms. McLandrich stated in her notice of appeal that videotapes were to be filed, but no such videotapes appear in the record.

{¶34} The state indicates in its appellate brief that the recording equipment was not working properly during the trial court's hearing on Ms. McLandrich's application and sets forth a purported description of the proceedings. However, the state's assertions do not constitute compliance with App.R. 9(D). Further, "factual assertions in a party's brief, but not in any submission filed with the trial court, do not constitute part of the record on appeal, and we are precluded from considering such assertions in deciding the merits of an appeal." *State v. Cretella*, 11th Dist. Trumbull No. 2016-T-0088, 2017-Ohio-2603, ¶ 7.

{¶35} When an appellant fails to comply with the requirements of App.R. 9 and thus fails to demonstrate the claimed error, this court has no alternative but to presume the regularity of the proceedings and the validity of the trial court's judgment. *Streetsboro*

7

*v. Hughes*, 11th Dist. Portage No. 1741, 1987 WL 15055, *1 (July 31, 1987).

{¶36} Accordingly, since Ms. McLandrich has not complied with App.R. 9, we must presume that the trial court considered the requisite statutory factors in denying Ms. McLandrich's application.

{¶37} Ms. McLandrich also contends that the record on appeal consists only of the "certified docket," which states that her application was denied.

{¶38} However, "the record on appeal" also consists of "[t]he original papers * * * filed in the trial court." App.R. 9(A)(1). The substance of the trial court's filed judgment entry states that "[t]he offenses charged are not eligible to be sealed." Accordingly, the record on appeal contradicts Ms. McLandrich's assertion that the trial court did not set forth any reasons for denying her application.

{¶39} In sum, Ms. McLandrich has not demonstrated that the trial court failed to consider the requisite statutory factors. Ms. McLandrich's first assignment of error is without merit.

### Legal Basis for Denial

{¶40} In her second assignment of error, Ms. McLandrich contends the trial court erred as a matter of law in denying her application because she met the definition of an "eligible offender" pursuant to R.C. 2953.31 and because the criminal offenses she sought to have sealed are subject to criminal record sealing pursuant to R.C. 2953.32.

{¶41} The state concedes that Ms. McLandrich is eligible to have the record of her convictions sealed.

{¶42} To invoke the jurisdiction of the trial court in proceedings brought under R.C. 2953.31 et seq., the applicant must be eligible for expungement and the offense must be

8

one that is subject to expungement. *Talameh* at ¶ 18. First, an applicant must be a "an eligible offender" as defined in R.C. 2953.31(A). *See id.* Second, the offense must be subject to being sealed and not excluded by R.C. 2953.36, which enumerates certain offenses exempt from a sealing of the record. *Id.* at ¶ 17, ¶ 18. Third, the application must not be filed until the time set by R.C. 2953.32(A)(1) has expired. *Id.* at ¶ 17. Unless the application meets all of these requirements, the trial court lacks jurisdiction to grant an application to seal the record of conviction. *See id.*; *State v. Rybak*, 11th Dist. Lake No. 2011-L-084, 2012-Ohio-1791, ¶ 13.

{¶43} As indicated, the trial court's judgment entry states that "[t]he offenses charged are not eligible to be sealed." Thus, it appears that R.C. 2953.36 was the legal basis for the trial court's denial of Ms. McLandrich's application.

{¶44} R.C. 2953.36(A) provides as follows:

{¶45} "Except as otherwise provided in division (B) of this section, sections 2953.31 to 2953.35 of the Revised Code do not apply to any of the following:

{¶46} "(1) Convictions when the offender is subject to a mandatory prison term;

{¶47} "(2) Convictions under section 2907.02, 2907.03, 2907.04, 2907.05, 2907.06, 2907.321, 2907.322, or 2907.323, former section 2907.12, or Chapter 4506., 4507., 4510., 4511., or 4549. of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any section contained in any of those chapters, except as otherwise provided in section 2953.61 of the Revised Code;

{¶48} "(3) Convictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony and when the offense is not a violation of section 2917.03 of the Revised Code and is not a violation of section 2903.13, 2917.01,

9

or 2917.31 of the Revised Code that is a misdemeanor of the first degree;

{¶49} "(4) Convictions on or after October 10, 2007, under section 2907.07 of the Revised Code or a conviction on or after October 10, 2007, for a violation of a municipal ordinance that is substantially similar to that section;

{¶50} "(5) Convictions on or after October 10, 2007, under section 2907.08, 2907.09, 2907.21, 2907.22, 2907.23, 2907.31, 2907.311, 2907.32, or 2907.33 of the Revised Code when the victim of the offense was under eighteen years of age;

{¶51} "(6) Convictions of an offense in circumstances in which the victim of the offense was less than sixteen years of age when the offense is a misdemeanor of the first degree or a felony, except for convictions under section 2919.21 of the Revised Code;

{¶52} "(7) Convictions of a felony of the first or second degree;

{¶53} "(8) Bail forfeitures in a traffic case as defined in Traffic Rule 2."

{¶54} Despite the lack of a transcript, the record underlying Ms. McLandrich's convictions indicates that her convictions are not exempt from being sealed pursuant to R.C. 2953.36(A).

{¶55} As indicated, Ms. McLandrich's convictions consist of violating a temporary restraining order pursuant to R.C. 2919.27, a first-degree misdemeanor, and two probation violations pursuant to R.C. 2951.08. None of these convictions subjected Ms. McLandrich to a mandatory prison term pursuant to R.C. 2953.36(A)(1); are expressly precluded from being sealed pursuant to R.C. 2953.36(A)(2), (4), or (5); are felonies of the first or second degree pursuant to R.C. 2953.36(A)(7); or are bail forfeitures in a traffic case pursuant to R.C. 2953.36(A)(8). There is no indication that the convictions involved a victim that was less than 16 years of age pursuant to R.C. 2953.36(A)(6).

{¶56} There is also no indication that the convictions were for "an offense of violence" pursuant to R.C. 2953.36(A)(3). R.C. 2901.01(A)(9) defines an "offense of violence" as (1) a violation of specific statutory sections or substantially equivalent municipal ordinances, (2) offenses involving "physical harm to persons or a risk of serious physical harm to persons," or (3) a "conspiracy or attempt to commit, or complicity in committing," any of the preceding offenses. *See* R.C. 2901.01(A)(9)(a)-(d). None of Ms. McLandrich's convictions meet this definition.

{¶57} Therefore, the trial court erred as a matter of law by determining that "[t]he offenses charged are not eligible to be sealed."

{¶58} Ms. McLandrich's second assignment of error has merit. The trial court's judgment is reversed, and the case is remanded for the trial court to consider the evidence in relation to the statutory factors set forth in R.C. 2953.32(C)(1)(a) through (e). In the event the recording equipment did not function properly during the prior hearing, the trial court shall hold a new hearing to receive and consider evidence.

{¶59} The judgment of the Chardon Municipal Court is reversed, and this matter is remanded for further proceedings consistent with this opinion.

CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.

11