[Cite as *State v. McBride*, 2025-Ohio-2309.]

# IN THE COURT OF APPEALS OF OHIO
# ELEVENTH APPELLATE DISTRICT
# TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2025-T-0004 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| CHRISTOPHER L. MCBRIDE, | Trial Court No. 2002 CR 00517 |
| Defendant-Appellant. | |

## OPINION AND JUDGMENT ENTRY

Decided: June 30, 2025
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Charles L. Morrow*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Christopher L. McBride*, pro se, PID# A444-136, Grafton Correctional Institution, 2500 Avon Beldon Road, Grafton, OH 44044 (Defendant-Appellant).

SCOTT LYNCH, J.

{¶1} Defendant-appellant, Christopher McBride, appeals the judgment of the Trumbull County Court of Common Pleas, denying his motion for transcripts. For the following reasons, we affirm the judgment of the lower court.

{¶2} In 2002, McBride was charged with two counts of Aggravated Robbery, felonies of the first degree; two counts of Aggravated Burglary, felonies of the first degree; two counts of Rape, felonies of the first degree; two counts of Kidnapping, felonies of the first and second degree; Burglary, a felony of the first degree; and Receiving Stolen Property, a felony of the fourth degree. In 2003, he entered pleas of guilty to these

charges. The court sentenced him to a term of 40 years in prison.

{¶3} In 2015, McBride filed a motion to withdraw his guilty pleas, which raised issues relating to his sentence. The trial court denied the motion and on appeal, this court affirmed but sua sponte remanded for the correct imposition of post-release control. *State v. McBride*, 2017-Ohio-891, ¶ 36 (11th Dist.). In 2017, McBride filed a motion for resentencing, which the trial court denied. On appeal, this court found that the assigned error lacked merit but modified the sentence to indicate that certain prison terms were mandatory. *State v. McBride*, 2017-Ohio-9349 (11th Dist.).

{¶4} In 2024, McBride filed a motion requesting that the trial court instruct the clerk of courts to "transfer to the . . . Petitioner all documents and evidence of records of the court" pursuant to R.C. 149.43(B)(8), which provides for inmates' review of criminal records under certain circumstances. The trial court denied the motion, finding that there was no justiciable claim warranting the request.

{¶5} On August 15, 2024, McBride filed a request for transcripts, seeking an order that the court reporter provide a complete transcript of proceedings. He contended that he "is willing to pay for the transcripts if necessary." On December 20, 2024, McBride filed a "motion for transcripts only," requesting that the court order he be provided a transcript, arguing that a transcript would show "deficient performance by counsel."

{¶6} On January 21, 2025, the trial court issued a judgment entry denying the "motion for transcripts only." It found the court had provided McBride with the record, transcripts, and necessary documents to file two appeals, as well as other documents upon request. It stated: "[t]he Court now, 22 years after plea and sentencing, no longer has access to the transcript of the proceedings," pursuant to its records retention

Case No. 2025-T-0004

schedule.

{¶7} On appeal, McBride raises the following assignments of error:

{¶8} "[1.] Violation of the Fifth, Sixth, and Fourteenth Amendment. Ineffective assistance of counsel due to trial counsel did not call attention to the plea agreement nor did he address the plea agreement in any manner."[1]

{¶9} "[2.] Appellant was denied his right to a fair sentencing proceeding and to be sentenced only on the plea agreement all in violation of his rights under the Sixth and Fourteenth Amendments, Article I, Section 10 of the Ohio Constitution and Santobello v. New York."

{¶10} As an initial matter, in its appellee's brief, the State contends that it "does not believe that 'an appeal' is the appropriate vehicle in which to appear before this Court." It argues that McBride's contention that he is "entitled to a copy of the trial record" suggests that he "is asking this Court to issue an order o[f] mandamus to produce the transcripts rather than correcting an error of the trial court."

{¶11} McBride appeals from the judgment entry of the trial court denying his request for transcripts. His assigned errors allege that his counsel was ineffective for failing to review the court record and that the trial court has denied his rights by not allowing him to have the transcripts in this matter. The State cites no authority for the proposition that dismissal at this stage of the proceedings is required under the law. This court and others have considered the merits of appellants' arguments that the trial court erred in denying their request for transcripts. For example, in *State v. Nagy*, 2019-Ohio-3058 (11th Dist.), Nagy filed a motion for preparation of trial transcripts, which the trial

---

1. McBride's assignments of error are stated differently in the table of contents than in the body of his brief. We will consider the content of his arguments to fully address their merits.

Case No. 2025-T-0004

court denied as untimely, and Nagy appealed from that entry, arguing that the trial court should have provided her transcripts. This court held that a judgment denying a request for transcripts at the State's expense is a final appealable order and addressed the merits of whether Nagy was entitled to a copy. *Id.* at ¶ 26-27. *See also State v. Skally*, 2025-Ohio-761, ¶ 22 (5th Dist.) (addressing on appeal the trial court's denial of a motion that transcripts be prepared at the State's expense); *State v. Gonz*, 2024-Ohio-5885, ¶ 98 (4th Dist.). Thus, we will consider the merits of McBride's arguments to the extent necessary to determine whether the trial court erred in denying his motion for transcripts.

{¶12} We will address McBride's assignments of error in a consolidated fashion as they both raise issues with his and/or counsel's lack of access to transcripts and other court records. In his first assignment of error, McBride argues that appellate counsel filed an appeal "without having access to the entire record" and did not review the court record to determine the effectiveness of trial counsel. He questions: "was the appeal coun[se]l also ineffective?" He contends that a transcript is necessary to formulate an argument of ineffective assistance of appellate counsel. In his second assignment of error, McBride argues the court denied him due process when it failed to provide him the transcripts necessary to pursue an appeal of his plea hearing and sentence.

{¶13} First, we observe that much of McBride's first assignment of error centers around his contention that appellate counsel was ineffective. However, the proper mechanism for raising arguments relating to the effectiveness of appellate counsel is through an application for reopening pursuant to App.R. 26(B) or through a direct appeal to the Ohio Supreme Court. *State v. Dieterle*, 2009-Ohio-1888, ¶ 47 (1st Dist.), citing *State v. Davis*, 2008-Ohio-4608, ¶ 8-13; *State v. Sands*, 2013-Ohio-2822, ¶ 12 (11th Dist.)

Case No. 2025-T-0004

(claims raising ineffective assistance of counsel must be raised pursuant to App.R. 26(B)). Such a matter is not properly before this court on appeal over seven years later. *See State v. Murdock*, 2002-Ohio-1173, *3 (11th Dist.) ("even if this court were to construe the present appeal as a motion for reopening pursuant to App.R. 26, appellant has failed to show good cause for such a lengthy delay in filing"). In fact, McBride did file an application for reopening in *McBride*, 2017-Ohio-891 (11th Dist.), which this court rejected.

{¶14} McBride also argues that the court erred in failing to provide him with the transcripts because they were necessary to pursue appeals and the failure to provide these violated his due process rights.

{¶15} The judgment from which McBride appeals denies his request for transcripts of the proceedings in his criminal case. McBride did not specify in this motion whether the request was for transcripts at the State's expense. However, he cites to authority for the proposition that an indigent defendant has a right to transcripts and to be able to pursue an appeal without financial barriers. *United States v. Newsome*, 257 F.Supp. 201, 204 (N.D.Ga. 1966); *Smith v. Bennett*, 365 U.S. 708, 710 (1961). "Courts have long recognized that an indigent defendant has a constitutional right to a transcript at public expense for an appeal." *Nagy*, 2019-Ohio-3058, at ¶ 28 (11th Dist.); *State v. Maddox*, 2002-Ohio-1168, *6 (11th Dist.). However, "this right is subject to certain limitations." *Nagy* at ¶ 28. An indigent defendant is entitled to a transcript if he has "either (1) 'a present appeal as of right from his [or her] conviction,' or (2) 'an actual appeal pending pursuant to the allowance of a motion for leave to appeal.'" (Citations omitted.) *Id.*, citing *State ex rel. Braxton v. Parrino*, 176 Ohio St. 318, 319 (1964); *State v. Collica*, 2023-Ohio-2033, ¶ 9 (11th Dist.). In the present matter, McBride has no pending appeal as of

right nor did he have any pending appeal at all. He sought transcripts over twenty years after his convictions and sentence. We do not find any basis for entitlement to a transcript at the State's cost under these circumstances. *See State v. Smith*, 2025-Ohio-1327, ¶ 8 (5th Dist.) ("[t]he time for Smith to request the transcript of his plea-and-sentencing hearing was in 2020, and his years-later request was not one that the trial court had any obligation to grant"). To the extent that McBride cites to authority relating to requirements to provide a defendant with other records such as a bill of exceptions, this authority is not pertinent to whether he was entitled to a transcript, which is what his motion sought.

{¶16} We recognize that McBride has asserted, in previous motions, that he would pay for the costs of transcripts. Presuming his request here was for transcripts at his own expense rather than the State's, we do not find reversible error. The court indicated that it no longer had any transcripts of the plea or sentencing hearings and that such records were destroyed given the passage of over 20 years. Without addressing whether the destruction of such records was appropriate under these circumstances, we observe that the court cannot convey a record that is not in existence. *See State ex rel. Moore v. Brown*, 1997 WL 779902, *3 (2d Dist. Dec. 19, 1997) (finding, in response to a request that the court and clerk be ordered to provide a trial transcript, that they could not "be ordered to convey a record that does not exist") (citation omitted). It is not clear whether the proceedings before the court were transcribed by the court reporter in the first instance. The docket does not contain a notation that the transcripts were filed and in *McBride*, 2017-Ohio-9349 (11th Dist.), this court stated that McBride "failed to file a transcript of his guilty plea hearing or of his sentencing hearing." *Id.* at ¶ 10. The proper approach where a defendant seeks to have documents transcribed is for him to "pay the

Case No. 2025-T-0004

court reporter to prepare and furnish a copy." *Moore* at *3.

{¶17} While McBride indicates that he requested the transcript on several occasions, which the record does indicate, it was his responsibility to ensure that such a transcript was provided or, if it was not available, to take action such as utilizing App.R. 9 to create a statement of the proceedings. *State v. McLandrich*, 2021-Ohio-1016, ¶ 31 (11th Dist.); *see State v. Jones*, 71 Ohio St.3d 293, 297 (1994) ("[a] criminal defendant must suffer the consequences of nonproduction of an appellate record where such nonproduction is caused by his or her own actions"). McBride was required to ensure that the record is properly produced if he wishes to pursue an appeal, whether that be through filing an App.R. 9 statement of proceedings or instituting an original action to compel performance, rather than waiting many years until providing an accurate transcript or statement of the proceedings becomes impracticable. *See State v. Yun*, 2002-Ohio-4535, ¶ 10 (5th Dist.) ("appellant's undue delay between the trial court's entering his conviction and sentence, and his filing of the Motion to Withdraw Pleas of Nolo Contendre caused the unavailability of the transcripts"); *State v. Hunt*, 2019-Ohio-1982, ¶ 3-9 (8th Dist.) (defendant was "at fault" for nonproduction of transcripts where ten years had elapsed since his conviction).

{¶18} It has been held that, even where a recording of a hearing is not created due to errors such as an equipment malfunction, this does not result in prejudice per se and the defendant must demonstrate how an incomplete record precludes effective appellate review. *State v. Beltowski*, 2007-Ohio-3372, ¶ 30 (11th Dist.). Even presuming McBride was entitled to a copy of the transcripts, nothing in his brief indicates how a transcript would now allow for effective appellate review of an issue he has not raised in

the past 20 years.   While he cites *Santobello v. New York*, 404 U.S. 257, 257-258 (1971), which addressed the "State's failure to keep a commitment concerning the sentence recommendation on a guilty plea," he makes no assertion as to how it would apply in this case.

{¶19}  The first and second assignments of error are without merit.

{¶20}  For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, denying McBride's motion for transcripts, is affirmed.  Costs to be taxed against appellant.


MATT LYNCH, J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-T-0004

# JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the assignments of error are without merit. The order of this court is that the judgment of the Trumbull County Court of Common Pleas is affirmed. The State's motion to dismiss is overruled.

Costs to be taxed against appellant.

JUDGE SCOTT LYNCH

JUDGE MATT LYNCH,
concurs

JUDGE EUGENE A. LUCCI,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-T-0004